# EXHIBIT 5

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | BUSINESS AND CONSUMER COURT<br>CIVIL ACTION<br>DOCKET NO. BCD-CIV-2023-00065 |

STATE OF MAINE,

        Plaintiff,

  v.

3M COMPANY, et al.,

        Defendants.

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF STATE OF MAINE**

Pursuant to Rules 26 and 33 of the Maine Rules of Civil Procedure, Plaintiff the State of Maine ("Plaintiff" or the "State") submits the following supplemental responses and objections to Defendants' First Set of Interrogatories to Plaintiff.

**PRELIMINARY STATEMENT**

The State's responses and objections are based upon its investigations and discovery to date and its understanding of the Interrogatories. The State's investigation and review in connection with this case remains ongoing, and the State reserves the right to modify and supplement these responses pursuant to the Maine Rules of Civil Procedure, including based upon additional information or documents or if Defendants subsequently assert an interpretation of the Interrogatories that differs from the State's understanding.

**GENERAL OBJECTIONS**

1. The State objects to the definitions of "Claimed Sites" and "Resource(s) at Issue" to the extent that these terms call for expert testimony or opinion regarding drinking water

supplies and locations that are threatened by PFAS contamination but where the State is not aware of PFAS contamination as seeking expert disclosures identifying every drinking water well and location that is threatened by PFAS. The State will make any required disclosures under M.R. Civ. P. 26(b)(4) at the appropriate time.

      2.      The State objects to the definition of "Identify" as overly broad and unduly burdensome to the extent it seeks to require the State to provide the full name, last known address (or date of death, if applicable), job title, and employer name for a person who is the legal owner of each site at issue and to provide the name, address, principal place of business, and state of incorporation of any legal entity that is the legal owner of each site at issue. The State will make a good faith and reasonable effort consistent with principles of proportionality to provide information in its possession regarding such persons or legal entities.

      3.      The State objects to the definitions of "You/Your/Yours/Plaintiff/State" as overly broad and unduly burdensome because they are defined to mean "any" of Maine's "agencies, departments, subdivisions, officers, officials, employees, agents, consultants, representatives, or individuals acting on its behalf." The State has identified the following entities that potentially have information responsive to the Interrogatories: Department of Environmental Protection ("DEP"); Maine Center for Disease Control and Prevention ("Maine CDC"); and Department of Agriculture, Conservation and Forestry ("DACF"). The State will respond to the Interrogatories with respect to information in the possession, custody, or control of DEP, Maine CDC, and DACF. The State also objects to these definitions to the extent that they include the Office of the Attorney General or legal counsel for any State entity and apply to documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

4. To the extent that the Interrogatories seek documents and/or information governed by the rules concerning expert disclosures, the State's responses and production will not include all such materials but will instead comply with instructions provided by the Court. The State will make any required disclosures under M.R. Civ. P. 26(b)(4) at the appropriate time. The State reserves the right to supplement its responses to this Interrogatory based upon discovery served by the State to Defendants on June 16, 2025, that is outstanding and that seeks records of Defendants' sales of PFAS and PFAS-containing products to persons in Maine and related information. *See* State of Maine's First Set of Requests for the Production of Documents Directed to Defendants (June 16, 2025). The State has not yet received this information from Defendants.

5. Nothing herein shall be construed as an admission by the State regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by the Interrogatories.

6. These responses are based solely on information and documents possessed by or obtained by the State to date; the State may supplement these responses if new or different documents or information becomes available.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Identify and provide the following information about each Claimed Site and Resource at Issue in Your Complaint. Include the following:

a. The exact location (by known street address, lot and block numbers, or other form of common identification such as GIS coordinates) of each Claimed Site or Resource at Issue;
b. The legal owner for each Claimed Site identified in Interrogatory 1(a) and the legal trustee or co-trustees of each Resource at Issue;
c. For each Claimed Site identified in Interrogatory 1(a), state the Resources at Issue.
d. For each Claimed Site identified in Interrogatory 1(a), state whether Plaintiff has information that Aqueous Film Forming Foam ("AFFF") was or may have been used, stored, and/or tested at the Claimed Site and/or discharged, disposed of, spilled, or otherwise released into the environment at the Claimed Site and/or migrated to or from the Claimed Site.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 1(a):**

This Supplemental Response supersedes Plaintiff's Response provided on August 12, 2025. In this Supplemental Response, Plaintiff has updated the spreadsheet produced contemporaneous with the State's August 12, 2025 response at MEPLTF_NonAFFF_001595698 to be replaced by the supplemental spreadsheet at MEPLTF_NonAFFF_002764615, as follows:

a. Removal of the following sites from the "Claimed Sites" tab (identified by EGAD # and Site Name):

   27244 – "ND Paper – Rumford"

   27455 – "Eastern Surplus"

   27414 – "China Landfill"

   28693 – "Eastland Woolen Mills"

   29768 – "Ordway Site A006273-56"

   33251 – "Clements Site Fields"

   36422 – "F R Carroll Inc"

   38533 – "Charter Oak Mobile Home Park"

   29197 – "Gauthier and Libby Sites"

b. Updates to the "Resource at Issue" information for the following sites on the "Claimed Sites" tab (identified by EGAD # and Site Name):

   27137 – "Maine Resources"

   27293 – "Hatch Hill Landfill"

   33248 – "E Ireland Sludge Site Field 1B"

   136276 – "DM&J Waste Management Inc"

   136564 – "Richmond Utilities District"

5

       137084 – "Tibbetts Road-N-Viro"

       149973 – "Brewer Water Pollution Control Facility"

       157706 – "Swan Lake Mobile Home Park Site Fields"

       160852 – "Burnham Site Field"

c. Updates to the "Trustee of Resource at Issue" identified for the following sites on the "Claimed Sites" tab (identified by EGAD # and Site Name):

       27293 – "Hatch Hill Landfill"

       136564 – "Richmond Utilities District"

       157706 – "Swan Lake Mobile Home Park Site Fields"

d. Update to the name of the Public Water System listed in the "Claimed Public Water Systems" tab with the PWSID # of ME0001363 from "Prays Mobile Home Park" to "Streamside Pines Mobile Home Park (previously Prays Mobile Home Park)" to reflect a change in the name of the public water system.

In addition to its General Objections, the State objects to Interrogatory 1(a) as vague and ambiguous with respect to providing the "exact location" of the "Resource at Issue," because street addresses, lot numbers, block numbers, and specific GIS coordinates typically do not apply to a resource. Subject to and without waiving its objections, the State is producing a supplemental spreadsheet bates stamped as MEPLTF_NonAFFF_002764615 contemporaneous with this response that identifies by location sites where the State is aware of PFAS contamination and for which it seeks recovery in this case.

To the extent that Defendants have any questions about the State's response or the spreadsheet, the State is prepared to meet and confer with Defendants to determine whether a reasonable, mutually acceptable compromise might be reached.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 1(b):**

This Supplemental Response supersedes Plaintiff's Response provided on August 12, 2025. In this Supplemental Response, Plaintiff has updated the spreadsheet produced contemporaneous with the State's August 12, 2025 response at MEPLTF_NonAFFF_001595698 to be replaced by the supplemental spreadsheet at MEPLTF_NonAFFF_002764615. Please see supplemental response to Interrogatory No. 1(a).

In addition to its General Objections, the State objects to the term "legal owner" as vague and ambiguous because the legal owner of a location can change over time. The State also objects to the terms "legal trustee" and "legal co-trustee" as ambiguous, vague, and undefined. The State interprets these terms to refer to trusteeship over resources at issue in this case. The State also objects because the question calls for a legal conclusion. Subject to and without waiving its General Objections, the State is producing a supplemental spreadsheet bates stamped as MEPLTF_NonAFFF_002764615contemporaneous with this response that identifies the legal owner where that information is reasonably available and the trustee for sites where the State is aware of PFAS contamination and for which it seeks recovery in this case.

Depending on the location and resource, there may be other legal trustees or legal co-trustees. The State does not maintain a listing of such legal trustees or legal co-trustees, and is producing site-related documents contained within electronically stored "site files" for locations where there has been a detection of one or more PFAS, including for industrial sites, landfills, land application sites, and wastewater treatment facilities, which would be expected to contain this information to the extent that it exists. With respect to legal trustees or legal co-trustees other than the State of Maine, the State reasonably believes that the answer may be derived or ascertained from these electronically stored site files and the burden of deriving or ascertaining

7

the answer is substantially the same for Defendants as for the State.  M.R. Civ. P. 33(c).

To the extent that Defendants have any questions about the State's response or the spreadsheet, the State is prepared to meet and confer with Defendants to determine whether a reasonable, mutually acceptable compromise might be reached.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 1(c):**

This Supplemental Response supersedes Plaintiff's Response provided on August 12, 2025. In this Supplemental Response, Plaintiff has updated the spreadsheet produced contemporaneous with the State's August 12, 2025 response at MEPLTF_NonAFFF_001595698 to be replaced by the supplemental spreadsheet at MEPLTF_NonAFFF_002764615. Please see supplemental response to Interrogatory No. 1(a).

Subject to and without waiving its General Objections, the State is producing a supplemental spreadsheet bates stamped as MEPLTF_NonAFFF_002764615 contemporaneous with this response that identifies the resources at issue for sites where the State is aware of PFAS contamination and for which it seeks recovery in this case.

To the extent that Defendants have any questions about the State's response or the spreadsheet, the State is prepared to meet and confer with Defendants to determine whether a reasonable, mutually acceptable compromise might be reached.

**RESPONSE TO INTERROGATORY 1(d):** In addition to its General Objections, the State objects to the terms "otherwise released" and "migrated to or from" as vague, ambiguous, and undefined. Subject to and without waiving its General Objections, the State has produced since July 8, 2025, on a rolling basis: (1) site-related documents contained within electronically stored "site files" for locations where there has been a detection of one or more PFAS, including for industrial sites, landfills, land application sites, and wastewater treatment facilities; (2) an export of relevant portions of SDWIS (Safe Drinking Water Information System) database to contain all results for public water systems that have been tested for PFAS with results contained within SDWIS, including results for testing of contaminants other than PFAS at such public water systems (produced at MEPLTF_NonAFFF_000234286); and, (3) an export of all testing results for PFAS in EGAD (Environmental and Geographic Analysis Database) that the State believes will have search and sorting capabilities beyond any such information that is available on DEP's website (produced at MEPLTF_NonAFFF_000453654). DEP's Bureau of Remediation and Waste Management is responsible for investigating PFAS contamination at sludge and septage application sites, active and closed solid waste landfills, hazardous waste sites, and other remediation-site types. When the State becomes aware of PFAS contamination at any particular location, DEP has primary responsibility for investigating the known or potential source(s) of the contamination. It is a high priority for DEP to evaluate and have a thorough understanding of the known or potential source(s) of the PFAS contamination so that DEP may address PFAS at the source and prevent further releases of PFAS to the environment. Information on DEP's investigation of potential AFFF sources in connection with these sites identified in the spreadsheet above is contained within the electronically stored "site files." As part of the production process, the State has identified to Defendants bates ranges of documents

10

that apply to individual sites. The State is producing site files that may be searched for keywords by site and so the State reasonably believes that information on DEP's investigation of potential AFFF in connection with these sites may be derived or ascertained from these electronically stored site files and the burden of deriving or ascertaining the answer is substantially the same for Defendants as for the State. M.R. Civ. P. 33(c).

To the extent that Defendants have any questions about the State's response or the spreadsheet, the State is prepared to meet and confer with Defendants to determine whether a reasonable, mutually acceptable compromise might be reached.

Dated:  September 5, 2025

As to the objections:                          AARON M. FREY

                                               ATTORNEY GENERAL

                                               */s/ Scott Boak*

                                               Scott Boak (Bar No. 009150)
                                               Mark Bower (Bar No. 4132)
                                               Assistant Attorney General
                                               6 State House Station
                                               Augusta, Maine 04333
                                               (207) 626-8566
                                               Scott.boak@maine.gov
                                               mark.bower@maine.gov

                                               Matthew F. Pawa (*pro hac vice*)
                                               Benjamin A. Krass (*pro hac vice*)
                                               Gillian C.A. Cowley (*pro hac vice*)
                                               PAWA LAW GROUP, P.C.
                                               1280 Centre Street, Suite 230
                                               Newton Centre, MA  02459
                                               (617) 641-9550
                                               mp@pawalaw.com
                                               bkrass@pawalaw.com
                                               gcowley@pawalaw.com

                                               Kyle J. McGee (*pro hac vice*)
                                               Viola Vetter (*pro hac vice*)
                                               GRANT & EISENHOFER P.A.
                                               123 Justison Street
                                               Wilmington, DE 19801
                                               Tel: (302) 622-7000
                                               kmcgee@gelaw.com
                                               vvetter@gelaw.com

I, Victoria Eleftheriou, declare and state:

That I am the Deputy Director of the Maine Department of Environmental Protection's Bureau of Remediation and Waste Management, a department of the State of Maine ("State") and I am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I have read the foregoing Plaintiff's Supplemental Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff State of Maine in the matter entitled *State of Maine v. 3M Company, et al.*, BCD-CIV-2023-00065, in the Business and Consumer Court of Maine. I am informed and believe that the matters stated therein are true and on that ground allege that the matters stated therein are true. I do not believe that any one person at the State knows all of the matters stated therein, and therefore these responses were prepared with the assistance and advice of representatives of, and counsel for, said State upon whose assistance and advice I have relied. These responses are limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparation of these responses. The State reserves the right to change or supplement said responses, or to apply for relief to permit insertion of an unintentionally omitted matter.

I declare that the above statement is true and accurate to the best of my knowledge and belief. I understand that if the above statement is false, I will be subject to the penalty of perjury, or other sanctions in the discretion of the court.

Executed this 5th day of September, 2025.

_/s/ Victoria Eleftheriou_

Signed and sworn to before me this 5 th day of September, 2025 by VICTORIA ELEFTHERIOU.

_____
Notary Public

My Commission Expires: FEB 24, 2032

**Maria Cristina T. Manalili**
Notary Public, State of Maine
My Commission Expires Feb. 24, 2032

13