# EXHIBIT 7

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | BUSINESS AND CONSUMER COURT<br>BCD-CIV-2023-00065 |

STATE OF MAINE )
        Plaintiff, )
v. )
3M COMPANY, et al., )
        Defendants. )

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF STATE OF MAINE**

Pursuant to the direction of the Court at the June 12, 2025 conference and the Court's June 13, 2025 Conference Record, Defendants hereby serve upon Plaintiff State of Maine the following First Set of Interrogatories pursuant to Rules 26 and 33 of the Maine Rules of Civil Procedure. Plaintiff is hereby requested to produce answers within thirty (30) days of the date of service of these Interrogatories. In answering these Interrogatories, Plaintiff is to refer to the definitions and instructions set forth below.

**DEFINITIONS**

1. "Action" means the above-captioned litigation.

2. "Complaint" means the most recent operative complaint (including any supplement or amendment) filed by Plaintiff in this Action.

3. "Claimed Sites" means each and every location for which the State asserts a claim against any of the Defendants in this Action.

4. "Defendants" shall mean any and all parties named as a defendant in this Action.

5. "Identify" means to provide sufficient information to allow a reasonable person to locate and comprehend the subject. For example, with respect to a Person, if a natural person this means to provide the full name, last known address (or date of death, if applicable), job title, and

1

employer name, and if a legal entity this means to provide the name, address, principal place of business, and state of incorporation (if applicable); with respect to a Document, this means to provide the title, date, author, recipient, subject matter, description, and current location or custodian.

6. "PFAS" means, solely for purposes of these Interrogatories, any per- or poly-fluoroalkyl substance that contains at least one fully fluorinated methyl or methylene carbon atom (without any hydrogen, chlorine, bromine, or iodine atom attached to it).

7. "Resource(s) at Issue" means any and all natural resources for which the State is pursuing claims in this Action, including but not limited to the ocean and its tidal estuaries, wetlands, springs, streams, rivers, lakes, ponds, other bodies of surface or groundwater, fish, shellfish, wildlife, marine resources, natural resources, real property, sediments, soil, and other biota.

8. "You," "Your," "Yours," "Plaintiff," and "State" mean Plaintiff State of Maine, and any of its agencies, departments, subdivisions, officers, officials, employees, agents, consultants, representatives, or individuals acting on its behalf with responsive information of which Plaintiff has possession, custody, or control.

## INSTRUCTIONS

1. These Interrogatories are to be construed reasonably, in good faith, and according to the meaning of the plain language of each Interrogatory.

2. To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the Interrogatories would indicate and shall be construed to have the broadest meaning permitted under the Maine Rules of Civil Procedure.

3. The following rules of construction shall apply to these Interrogatories, and in no event shall these rules of construction be applied to narrow the scope of an Interrogatory:

    (a) The use of the singular form of any word includes the plural, and vice versa.

    (b) The use of the past tense includes the present tense, and vice versa,

    (c) "All," "any," "each," and "every" shall each be construed to mean "all, any, each, and every."

    (d) "And" and "or" shall be construed either disjunctively or conjunctively.

    (e) "Include," "includes," and "including" shall be construed to mean those terms, in each case, without limitation.

4. If you object to any Interrogatory, then: (a) specify the portion of such Interrogatory that is claimed to be objectionable and set forth the nature and basis of the objection with sufficient particularity to permit the Court to rule on the validity of the objection; and (b) respond to any portion of such Interrogatory that is not claimed to be objectionable. If, in answering these Interrogatories, you believe an Interrogatory or a definition or instruction applicable thereto is ambiguous, do not use such an objection as a basis for refusing to respond; rather, set forth as part of the response the language you claim is ambiguous and the interpretation you have used to respond to the Interrogatory.

5. Each of these Interrogatories shall be construed independently and shall not be limited by any other Interrogatory(ies), except that answers responsive to more than one Interrogatory need be produced only once.

6. If any information is withheld from production on the basis of a claim of privilege or work product protection, please provide a privilege log in accordance with the requirements of Maine Rule of Civil Procedure 26(b)(5).

7. Any list provided in response to any of these Interrogatories shall be produced in a table in Microsoft Excel or equivalent format, with each Interrogatory part or subpart corresponding to at least one column in the table as appropriate and each response corresponding to one row. For each listed entity, include any unique identification number(s) associated with the entity in any relevant State or Federal database or other data collection.

8. These Interrogatories are continuing in nature so as to require supplemental and/or amended responses in accordance with Maine Rules of Civil Procedure 26(e) and 33.

## **INTERROGATORIES**

1. Identify and provide the following information about each Claimed Site and Resource at Issue in Your Complaint. Include the following:

    a. The exact location (by known street address, lot and block numbers, or other form of common identification such as GIS coordinates) of each Claimed Site or Resource at Issue;

    b. The legal owner for each Claimed Site identified in Interrogatory 1(a) and the legal trustee or co-trustees of each Resource at Issue;

    c. For each Claimed Site identified in Interrogatory 1(a), state the Resources at Issue.

    d. For each Claimed Site identified in Interrogatory 1(a), state whether Plaintiff has information that Aqueous Film Forming Foam ("AFFF") was or may have been used, stored, and/or tested at the Claimed Site and/or discharged, disposed of, spilled, or otherwise released into the environment at the Claimed Site and/or migrated to or from the Claimed Site.

4

Dated: June 13, 2025                                    Respectfully submitted,

/s/ *Jay S. Geller*
Jay S. Geller (Bar No. 9022)
LAW OFFICE OF JAY S. GELLER
Lunt Professional Building
74 Lunt Road, Suite 206
Falmouth, ME 04105
(207) 899-1477
jgeller@jaysgellerlaw.com

Russell B. Pierce (Bar No. 7322)
NORMAN HANSON & DETROY LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
(207) 774-7000
rpierce@nhdlaw.com

Daniel L. Ring (admitted *pro hac vice*)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dring@mayerbrown.com

Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2799
tmascherin@jenner.com

Joanna Wright (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1608
jwright@jenner.com

*Counsel for 3M Company*

5

/s/ *Sigmund D. Schutz*
Sigmund D. Schutz, Esq. (Bar No. 8549)
PRETI FLAHERTY LLP
One City Center
P.O. Box 9546
Portland, ME 04112
(207) 791-3000
sschutz@preti.com

J. Wylie Donald, Esq.
(admitted *pro hac vice*)
MCCARTER & ENGLISH LLP
1301 K Street, NW, Suite 1000W
Washington, DC  20005
(202) 753-3357
jdonald@mccarter.com

*Counsel for Defendants EIDP, Inc., The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc. as to all claims except Count 11*

Randy J. Creswell (Bar No. 8962)
CRESWELL LAW
P.O. Box 7340
Portland, ME 04112
(207) 358-1010
rcreswell@creswelllaw.com

Katherine L. I. Hacker (admitted *pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3100
kat.hacker@bartlitbeck.com

Katharine A. Roin (admitted *pro hac vice*)
Amy R. McCalib (admitted *pro hac vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
kate.roin@bartlitbeck.com
amy.mccalib@bartlitbeck.com
*Counsel for EIDP, Inc., Corteva, Inc. and DuPont*

6

*de Nemours, Inc. as to Count 11 only*

Case 2:25-cv-00453-JAW Document 1-7 Filed 09/08/25 Page 8 of 8 PageID #: 262

7