IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>              Plaintiff,<br><br>    v.<br><br>3M COMPANY, ET AL.,<br><br>              Defendants. | Civil Action No. 2:25-cv-00453-JAW |

**PLAINTIFF'S SUPPLEMENTAL DISCLAIMER OF ANY RELIEF FOR CONTAMINATION OR INJURY RELATED TO AFFF**

Plaintiff the State of Maine (the "State") files this supplemental disclaimer of any relief for contamination or injury related to Aqueous Film Forming Foam ("AFFF") to supplement the AFFF disclaimer in its Complaint (Doc. No. 1-1 ¶ 15) with respect to seven sites where 3M Company ("3M") alleged that the PFAS contamination is plausibly attributable, at least in part, to MilSpec AFFF in two new notices of removal in September 2025. Doc. No. 1 ¶ 13; Doc. No. 32 ¶ 15. 3M provided the First Circuit with copies of these new removal notices days before oral argument on 3M's appeal of this Court's remand order (Doc. No. 47 in No. 2:23-cv-00210-JAW) and requested the appellate court to consider new facts contained within the notices with respect to the seven sites. The First Circuit did so (over the State's objection and request to have an opportunity to first develop a record on them in the district court). *Maine v. 3M Company, Inc.*, No. 23-1709, -- F.4th --, 2025 WL 3228256, at *4-5 & n.17 (1st Cir. Nov. 19, 2025). In its decision, the court acknowledged that the State had submitted a declaration concluding there was no evidence of AFFF at specific sites in the original notice of removal, *see id.* at *4 n.14, but held that 3M had plausibly alleged commingling at the *new* sites by way of the new notices of removal. *Id.* at *4-5 & nn.14–17.

1

On November 20, 2025, the State served supplemental discovery responses that removed these seven sites from its Claimed Site List and, therefore, the case:

- "Hawkridge Compost Facility" (30018)
- "Juniper Ridge Landfill" (31339)
- "Androscoggin River – ARB" (65321)
- "Penobscot River – PBV" (65408)
- "Little Madawaska River – LMU" (148550)
- "Aroostook River – API" (148571)
- "Brunswick/Topsham Water District" (ME0090260)[1]

The State hereby disclaims and confirms that it is not seeking any relief in this case with respect to contamination at or from any of the seven sites above and hereby limits all of its claims and any recovery to exclude such contamination in this case. While the State also intends to move to amend its complaint to include this supplemental disclaimer and remove the complaint's reference to the Juniper Ridge landfill, the State is filing this disclaimer now in the interests of time and pursuant to authority that a plaintiff may effect a disclaimer through less formal means than amending its complaint. *See, e.g.*, *People ex rel. Raoul v. 3M Co.,* 111 F.4th 846, 849 (7th Cir. 2024) (disclaimer valid where "the State clearly and unequivocally conceded at oral argument that it would not seek relief against 3M for mixed PFAS contamination"); *Wilson v. Experian Info. Sols., Inc.*, No. 25-11153-BEM, 2025 WL 1594750, at *2 & n.4 (D. Mass. June 5,

---

[1] Plaintiff's Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff State of Maine; MEPLTF_NonAFFF_004359508 (second supplemental Claimed Site List); Plaintiff's Supplemental Responses and Objections to Defendants' Second Set of Interrogatories to Plaintiff State of Maine; MEPLTF_NonAFFF_004359509 (supplemental list attributing defendants' PFAS chemistries to the claimed sites). The State also sets forth the State's tracking number for each site, i.e., the EGAD # for all site types other than public water systems and the PWS ID # for the public water system.

2025) (disclaimer in remand motion was "an effective amendment or clarification" because the court's adoption of it "estop[s] [the plaintiff] from arguing otherwise down the line").[2]

The State files this supplemental disclaimer to ensure that this case remains strictly focused on PFAS sites that are entirely unrelated to AFFF contamination, regardless of whether it will now proceed in federal court under the First Circuit's ruling. The State has filed a separate case, which is pending in a Multi-District Litigation, that seeks recovery for AFFF contamination. To the extent there are any sites with mixed AFFF and non-AFFF contamination, the State does not intend to pursue recovery for those sites in this non-AFFF case, but instead reserves its right to pursue and seek recovery for such disclaimed sites through the State's AFFF case currently pending in the AFFF MDL. The State will strenuously oppose any attempt by 3M to transfer this case to the AFFF MDL, which 3M has stated it intends to do. Doc No. 1 at 10 n.7; Doc. No. 32 at 10 n.9; Doc No. 50 at 1.

The State wishes to litigate its case, which is over three and a half years old, in a Maine forum, whether that forum is a state or federal one. Given that PFAS pollution is a crisis in Maine, with serious impacts on state natural resources and risks to human health, not to mention on state coffers, the State considers it urgent to move this case forward as expeditiously as possible. This Court's management of the case in the short time since the new removal has already moved the case forward very significantly, with document production ordered to now move forward quickly on a bilateral basis; the State appreciates the effort and oversight of Magistrate Judge Nivison in this regard. All

---

[2] *Accord Gerran v. City of Ferguson*, No. 4:24-CV-00843-SPM, 2025 WL 1454469, at *1 (E.D. Mo. May 21, 2025) ("although Plaintiffs have not amended their complaint to eliminate their federal claims, they have voluntarily dismissed their federal claims, which has the same effect"); *Genosa v. Glob. K9 Prot. Grp., LLC*, No. 3:24-CV-00063-AJB-BLM, 2025 WL 775825, at *2 n.1 (S.D. Cal. Mar. 11, 2025) ("as Plaintiff has elected to abandon his claim under 38 U.S.C. § 4311, he has, in effect, withdrawn it from the operative complaint"); *In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. MDL 24-3128 (KMM/DTS), 2025 WL 713360, at *2 (D. Minn. Mar. 5, 2025) ("Here, of course, the [plaintiffs] did not make a post-removal amendment of their complaint to remove the federal-law claims, but instead used voluntary dismissal. The Court sees no difference between the two procedural mechanisms, as both land in the same place.").

such forward progress will come to a halt if this case is transferred to the MDL – because all state AFFF cases, including the State's, remain stayed (as they have been for years) while other claimants, including personal injury cases, have moved forward. That is not intended to find fault with Judge Gergel or his MDL management, it is a fact. The individual attention this Court can afford this case will allow it to move forward toward resolution. The State thus is taking extra steps in this Court now to ensure this case does not implicate any AFFF sites and will bring to the JPML's attention these steps on 3M's anticipated request to transfer this case to the AFFF MDL.

The State also intends to oppose 3M's motion to stay further proceedings in this case pending a final transfer decision by the JPML, filed the evening before Thanksgiving (Doc. No. 50). Notwithstanding the Court's October 16, 2025 Order that the "parties shall use their best efforts to complete the outstanding discovery by December 5, 2025" (Doc. No. 41), 3M has taken it upon itself to stop cooperating with discovery before even receiving a stay from the Court and informed the State that 3M "will await" the "Court's ruling on our motion to stay before proceeding with further meet and confers and discovery in this action." *See* Email from D. Ring to B. Krass dated Dec. 5, 2025 (Exh. 1). In fact, 3M has produced no new documents in response to the State's June, 2025 document requests for sales records of PFAS and PFAS products supplied to Maine, communications with its customers and others in Maine regarding PFAS and PFAS products, sales records for 3M's non-PFAS products that it designed for use on textiles and other relevant products, and documents about 3M's decision to exit all PFAS manufacturing by the end of 2025 that post-date February 1, 2023 (the cut-off date for a production in another case). This is so even though 3M informed the State in mid-November that it was in the process of preparing its first rolling production of sales records for PFAS and PFAS products, which it now has apparently decided to withhold. In contrast, the State has produced over 3.4 million pages of documents through thirteen rolling document productions since the

Court's October 16 Order. The State respectfully submits that 3M's unilateral refusal to cooperate with discovery is improper and intends to bring this matter to the attention of the Magistrate at the upcoming discovery/case management conference.

| | |
|---|---|
| Dated: December 5, 2025 | AARON M. FREY<br>ATTORNEY GENERAL<br><br>*/s/ Scott Boak*<br>Scott Boak (Bar No. 009150)<br>Mark Bower (Bar No. 4132)<br>Assistant Attorneys General<br>6 State House Station<br>Augusta, Maine 04333<br>(207) 626-8566<br>scott.boak@maine.gov<br>mark.bower@maine.gov<br><br>*/s/ Benjamin A. Krass*<br>Matthew F. Pawa (*pro hac vice*)<br>Benjamin A. Krass (*pro hac vice*)<br>Gillian C.A. Cowley (*pro hac vice*)<br>PAWA LAW GROUP, P.C.<br>1280 Centre Street, Suite 230<br>Newton Centre, MA 02459<br>(617) 641-9550<br>mp@pawalaw.com<br>bkrass@pawalaw.com<br>gcowley@pawalaw.com<br><br>Kyle J. McGee (*pro hac vice*)<br>Viola Vetter (*pro hac vice*)<br>GRANT & EISENHOFER P.A.<br>123 Justison Street<br>Wilmington, DE 19801<br>Tel: (302) 622-7000<br>kmcgee@gelaw.com<br>vvetter@gelaw.com |