IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY, ET AL.,<br><br>    Defendants. | Civil Action No. 2:25-cv-00453-JAW |

**PLAINTIFF STATE OF MAINE'S
MOTION TO AMEND COMPLAINT TO ADD DISCLAIMER**

Plaintiff, the State of Maine (the "State" or "Maine"), submits this Motion for Leave to File an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). A copy of the proposed Amended Complaint and a redline comparison to the operative Complaint are attached as Exhibits A and B, respectively.

The State filed the instant suit more than two years ago on March 29, 2023, seeking relief for contamination of Maine's natural resources from toxic per- and polyfluoroalkyl substances ("PFAS") caused by consumer and commercial products and industrial uses of PFAS chemicals. Case No. 2:23-cv-00210, ECF No. 1-2. The Complaint included a disclaimer, expressly stating that the State was <u>not</u> seeking recovery for PFAS contamination attributable to aqueous film forming firefighting foam ("AFFF") – a product that was purportedly manufactured pursuant to government specifications such that claims relating to it could trigger assertion of a federal contractor defense. *Id.* ¶ 15. Instead, AFFF-related PFAS contamination is the subject of a separate lawsuit filed by the State, which is now pending in the AFFF multi-district litigation ("MDL") before the U.S. District Court for the District of South Carolina. Despite having been

on file since March 2023, the State's AFFF case has not meaningfully progressed in the AFFF MDL.

Defendant 3M removed the State's non-AFFF lawsuit on May 17, 2023, on the theory that contamination related to AFFF may "possibly" be commingled with non-AFFF contamination at some locations in Maine and argued that the State's express AFFF disclaimer was invalid. (No. 2:23-cv-00210, ECF No. 1 ¶¶ 26-30.) The State moved to remand based on the Complaint's disclaimer and on the absence of evidence of actual or even plausible commingling of contamination; this Court granted the motion to remand on July 26, 2023. (No. 2:23-cv-00210, ECF No. 47.) 3M appealed that decision to the First Circuit Court of Appeals on August 23, 2023. (No. 2:23-cv-00210, ECF No. 50.)

On November 19, 2025, the First Circuit reversed this Court's remand order, finding persuasive 3M's theory that AFFF-related PFAS contamination may potentially have "commingled with and so . . . become invisible [sic] with" the PFAS contamination that is the subject of Maine's non-AFFF Complaint. *State of Maine v. 3M Co., Inc.*, No. 23-1709, 2025 WL 3228256, at *7 (1st Cir. Nov. 19, 2025). Although the First Circuit agreed with this Court that the State had rebutted 3M's allegations of AFFF commingling at the sites at issue in the *original* notice of removal, it found that 3M's recently filed *new* notice of removal "plausibly alleges commingled contamination at one of the sites" in the Complaint, i.e., the Juniper Ridge Landfill. *See id.* at *4 n.14.[1] 3M recently filed a motion to stay the proceedings before this

---

[1] 3M had provided the First Circuit with a copy of its Supplemental Notice of Removal claiming that certain sites identified by the State in interrogatory responses may be, according to 3M, contaminated with AFFF-related PFAS. (ECF No. 32.) The sites 3M identified are the Brunswick/Topsham Water District, the Androscoggin River-ARB, Aroostook River-API, Hawk Ridge Compost Facility, Juniper Ridge Landfill, Little Madawaska River-LMU, and the Penobscot River-PBV. *Id.* ¶¶ 14-15. The First Circuit rejected the State's request not to consider these new sites prior to the State having an opportunity to develop a factual record in

Court (to which the State will respond separately) in which it stated that it intends to request the Judicial Panel on Multi-District Litigation to transfer this non-AFFF case to the AFFF MDL, a sprawling proceeding that has been in place for more than six years, houses many thousands of cases, and where the State's case would face severe delays.  *See* ECF No. 50.  Indeed, as the State's experience with its AFFF lawsuit shows, transferring this action to the AFFF MDL would mean a functionally indefinite suspension of progress.

Against this backdrop, the State now seeks to amend its Complaint to remove the Juniper Ridge Landfill and six other sites on which 3M bases its allegations of AFFF commingling and to make related changes to make clear that this case does not seek recovery for any AFFF contamination.  The First Circuit's holding that the mere potential commingling of AFFF contamination with non-AFFF contamination clears the bar for federal jurisdiction means that this case is now proceeding in federal court.  However, the First Circuit's ruling does not render this case an AFFF case and the State, as plaintiff, remains the master of its Complaint and of what PFAS sites it will include in the case.  Indeed, the First Circuit plainly recognized that disclaimers that "clearly carve[ ] out certain factual bases, whether by time span or location" are valid disclaimers, *State of Maine*, 2025 WL 3228256, at *7 (internal quotation omitted), and Maine's proposed amended Complaint does just that by naming the specific sites that are not at issue in this case.  The State's proposed amendment will not prejudice the Defendants.  Such amendments are critical to clearly delineate the scope of the State's case in light of 3M's attempts to recast this case as an AFFF case and deprive the State of a forum in Maine, where it belongs.

---

this Court.  *State of Maine*, 2025 WL at *4 n.17.  The State has now amended its discovery responses to remove these sites from the responses.

## ARGUMENT

Federal courts should "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed:

> The Civil Rules take a liberal stance toward the amendment of pleadings, . . . [and i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022) (citation and quotation marks omitted). Leave to amend may be appropriate at any stage of litigation, as long as the request is not occasioned by undue delay. *See* 6 Wright & Miller, *Federal Practice & Procedure* § 1488 (3d ed. 2025). And, as the U.S. Supreme Court recently recognized, amendment following removal, as the State proposes here, is entirely appropriate. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). There is no reason the Court should not "freely" give leave to amend at this point.

First, the State has not unduly delayed pursuit of an amendment. Instead, the State's proposed amendment – seeking to remove any reference to locations where AFFF-related PFAS contamination may have potentially commingled with other PFAS contamination – comes on the heels of the First Circuit's decision to reverse the Court's remand order on the grounds that such potential commingling supports federal jurisdiction and may be used by 3M to justify transfer of this case to the AFFF MDL. The State's request also comes at a time when fact discovery remains open and ongoing. As such, it is unquestionably timely. *See, e.g. Amyndas*, 48 F.4th at 39 (motion to amend filed "less than two months after the emergence of new evidence" was timely); *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517–18 (1st Cir. 1989)

(describing circumstances where, unlike here, "tardiness was extreme" and "[o]nly two months remained in an already extended discovery period").

Next, the amendments the State proposes are offered in good faith and would not be futile. 3M has signaled that it will seek to transfer this case to the AFFF MDL based on the First Circuit's ruling, even though the State has already disclaimed recovery from any AFFF-related contamination and expeditiously amended its discovery responses to remove all mention of the sites 3M had identified as purportedly implicating AFFF-related contamination. The State's proposed amendments will make clear that this is not an AFFF case and ought not be transferred to the AFFF MDL. These amendments, which are consistent with the facts and claims pled in the original Complaint, are made in good faith and are not futile. *See Amyndas*, 48 F.4th at 37 ("Generally, valid reasons [for seeking leave to amend] include a motion to dismiss or a ruling from the court pointing out flaws in the original pleading or the discovery of new information. This is not a high hurdle . . ."); *see id*. at 40 ("A proposed amendment is futile if it is either frivolous or contains some fatal defect.").

Finally, Defendants will not be prejudiced by the State's proposed amendments. The proposed amendments do not seek to expand the case but to *remove* sites from the case and thus accomplish even more quickly and directly what 3M itself is seeking to achieve by way of a government contractor defense with respect to those sites. Such amendments, made at the State's earliest opportunity, cannot possibly prejudice Defendants. *See id*. at 37-38 (noting that prejudice generally turns on the timing of the amendment). Leave to amend the Complaint should be granted.

## CONCLUSION

The State respectfully requests that the Court grant leave to amend the Complaint.

Dated: December 9, 2025

Respectfully submitted,
AARON M. FREY
ATTORNEY GENERAL

/s/ Scott Boak
Scott Boak (Bar No. 009150)
Mark Bower (Bar No. 004132)
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333
(207) 626-8566
Email: Scott.Boak@maine.gov
Mark.Bower@maine.gov

/s/ Benjamin Krass
Matthew F. Pawa*
Benjamin A. Krass*
Gillian C.A. Cowley*
Pawa Law Group P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550
Email: mp@pawalaw.com
      bkrass@pawalaw.com
      gcowley@pawalaw.com

Kyle J. McGee*
Viola Vetter*
Jason H. Wilson*
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
Email: kmcgee@gelaw.com
      vvetter@gelaw.com
      jwilson@gelaw.com

*Admitted *pro hac vice*