UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:25-cv-00453-JAW |
| | ) |
| 3M COMPANY, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER REGARDING DISCOVERY**

On October 16, 2025, following a conference with the parties, the Court ordered the parties to use their best efforts to complete the outstanding discovery by December 5, 2025, in anticipation of a December 17, 2025, conference to discuss the future course of the case. (Order, ECF No. 41.)  The Court anticipated that by December 17, the parties would have made sufficient progress in discovery to permit a meaningful discussion regarding a scheduling order.

During the conference on December 17, Plaintiff reported that it had substantially complied with the Court's order but that following the First Circuit's decision reversing this Court's order granting Plaintiff's motion to remand a related case, *State of Maine v. 3M Company*, No. 2:23-cv-00210-JAW, to state court,[1] Defendants ceased participating in discovery.  Plaintiff asks the Court to issue a scheduling order in this matter.

---

[1] *See Maine v. 3M Company*, 159 4th 129 (1st Cir. 2025).

Defendants maintain that continued discovery in this matter would be contrary to the interests of judicial economy because the First Circuit's decision suggests that transfer of the related case (and this case) to the pending MDL, *In re: Aqueous Film-Forming Foam Products Liability Litigation*, (MDL 2873), might be appropriate or even likely. Defendants ask the Court to defer a scheduling order until after the Judicial Panel on Multidistrict Litigation decides whether transfer is warranted. Defendants raise similar arguments (e.g., a desire to avoid duplicative discovery) in support of their motion to stay further proceedings in this case pending the transfer decision of the Judicial Panel on Multidistrict Litigation. The parties' briefing on the motion to stay is near completion.[2]

On December 17, the Judicial Panel on Multidistrict Litigation issued a conditional order transferring this case and the related case to the pending MDL. (Notice of Entry of Conditional Transfer Order, ECF No. 55.) The conditional transfer order provides in part:

> This order does not become effective until it is first filed in the Office of the Clerk of the United States District Court for the District of South Carolina. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel.

(*Id.*) Under Rule 2.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, this Court maintains jurisdiction over pretrial proceedings despite the conditional order of transfer. J.P.M.L. R. 2.1(d) ("The pendency of a motion [to transfer], order to show cause, conditional transfer order or conditional remand order before the

---

[2] On December 17, 2025, Plaintiff filed its response to the motion. Defendants' reply memorandum is due on or before December 31, 2025.

Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").

During the conference to discuss the issuance of a scheduling order, the parties primarily raised the arguments that they cite in support of their positions on the motion to stay. Given the common issues relevant to the motion to stay and to whether a scheduling order should issue, judicial economy militates against the issuance of a scheduling order at this time—at least until the Court rules on the motion to stay. Judicial economy, however, does not support relieving Defendants of their obligation to comply with the Court's October 16, 2025, order requiring the parties to complete the outstanding discovery. The production of relevant documents would undoubtedly be required regardless of whether the case is transferred. Deferring the production of the documents until after a transfer decision is made would unreasonably delay the proceedings, particularly if the case is not transferred.

The Court, therefore, orders that on or before January 30, 2026, Defendants shall produce the documents contemplated by the Court's October 16, 2025, order. The Court defers the issuance of a scheduling order until after the Court rules on the pending motion to stay.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of December, 2025.