# EXHIBIT A

Case 2:25-cv-00453-JAW    Document 59-1    Filed 12/23/25    Page 2 of 5    PageID #: 6564

Uniformed Professional Fire Fighters Association of..., Not Reported in Fed....

2024 WL 4471356
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

UNIFORMED PROFESSIONAL FIRE FIGHTERS ASSOCIATION OF CONNECTICUT, Stamford Professional Fire Fighters Association, International Association of Fire Fighters Local 786, Fairfield Fire Fighters Association, IAFF Local 1426, Stratford Professional Fire Fighters, IAFF Local 998, Hamden Professional Fire Fighters, IAFF Local 2687, City of Groton Fire Fighters Union, IAFF Local 1964, City of Stamford, Old Mystic Fire District, the Reliance Fire Company, Inc., Peter Brown, Paul Anderson, Steve Michalovic, Dan Tompkins, Nelson Hwang, and William Tuttle, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,
v.
3M COMPANY (f/k/a Minnesota Mining and Manufacturing Company), EIDP, Inc., Dupont De Nemours, Inc., Chemours Company, Chemours Company FC, LLC, Corteva, Inc., Elevate Textiles, Inc., Gentex Corporation, Globe Manufacturing Company, LLC, W.L. Gore & Associates, Inc., Fire-Dex GW, LLC, Honeywell Safety Products USA, Inc., Intertech Group, Inc., Lion Group, Inc., Milliken & Company, Morning Pride Manufacturing L.L.C., PBI Performance Products, Inc., Safety Components Fabric Technologies, Inc., and StedFast USA, Inc., Defendants.

Civil No. 3:24-CV-1101 (AWT)
|
Signed October 9, 2024
|
Filed October 10, 2024

**Attorneys and Law Firms**

Ian Wise Sloss, Jennifer Sclar, Silver Golub & Teitell LLP, Stamford, CT, for Plaintiffs.

Audra J. Inglis, Maron Marvel Bradley Anderson Tardy, Daniel Island, SC, for Defendant Milliken & Company.

Leslie A. Cahill, Spears Manning & Martini LLC, Southport, CT, for Defendants Morning Pride Manufacturing L.L.C., Honeywell Safety Products USA, Inc.

Michael T. McCormack, O'Sullivan McCormack Jensen & Bliss PC, Glastonbury, CT, for Defendants PBI Performance Products, Inc., InterTech Group, Inc.

John J. Robinson, Gordon & Rees LLP, Glastonbury, CT, Kelcie Burns Reid, Gordon & Rees LLP, Hartford, CT, for Defendants Safety Components Fabric Technologies, Inc., Elevate Textiles, Inc.

Aaron Arthur Fredericks, Hinshaw & Culbertson LLP, Boston, MA, for Defendant StedFast USA, Inc.

James I. Glasser, Wiggin & Dana, New Haven, CT, Kevin M. Smith, Wiggin & Dana, New Haven, CT, for Defendant 3M Company.

James D. Geisler, Shook, Hardy & Bacon L.L.P., Hartford, CT, for Defendants EIDP, Inc., Dupont De Nemours, Inc., Chemours Company, Chemours Company FC, LLC, Corteva, Inc.

Michael C. Barbarula, Ryan Ryan Deluca LLP, Bridgeport, CT, Michael T. Ryan, Ryan Ryan Deluca, LLP, Stamford, CT, for Defendant Globe Manufacturing Company, LLC.

Gary J. Mennitt, Dechert LLP, New York, NY, for Defendant W.L. Gore & Associates, Inc.

Christopher J. Lynch, Freeman Mathis & Gary, LLP, Hartford, CT, for Defendant Fire-Dex GW, LLC.

Jennifer Elyse Karr, Lewis Brisbois Bisgaard & Smith LLP, Hartford, CT, for Defendant Lion Group, Inc.

## ORDER DENYING DEFENDANT 3M COMPANY'S MOTION FOR STAY

Alvin W. Thompson, United States District Judge

*1 For the reasons set forth below, defendant 3M Company's Motion for Stay Pending the Judicial Panel on Multidistrict Litigation's Final Transfer Decision (ECF No. 17) is hereby DENIED.

By way of background, the Amended Complaint (ECF No. 9) sets forth claims against the defendants for "harm resulting from the purchase and use of and dependence upon certain personal protective equipment containing hazardous levels of toxic, carcinogenic chemicals." Am. Compl. ¶ 2. The plaintiffs allege that the defendants

Case 2:25-cv-00453-JAW   Document 59-1   Filed 12/23/25   Page 3 of 5   PageID #: 6565

Uniformed Professional Fire Fighters Association of..., Not Reported in Fed....

"designed, developed, manufactured, tested, packaged, promoted, marketed, advertised, distributed, and/or sold the equipment, materials, and/or chemicals in Connecticut and caused harm to Plaintiffs, Plaintiffs' members, and members of the Class in Connecticut." Id. ¶ 44. The plaintiffs claim that turnout gear sold by the defendants was "contaminated with dangerous levels of various per- and polyfluoroalkyl substances ("PFAS"), including (but not limited to) perfluorooctane sulfonate ("PFOS"), perfluorooctanoic acid ("PFOA"), fluoropolymers such as polytetrafluoroethylene ("PTFE"), and side-chain fluorinated polymers ("SCFPs")." Pls.' Opp'n to Defs.' Mot. for Stay (ECF No. 43) ("Pls.' Opp'n") at 5. [1]

Defendant 3M Company ("3M") moves "to stay all proceedings in this matter until the Judicial Panel on Multidistrict Litigation (the "JPML" or "Panel") renders a final decision on 3M's pending motion to transfer this action to the District of South Carolina for inclusion in the pending multidistrict litigation proceeding captioned In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation (MDL No. 2873)" (the "AFFD MDL"). Def. 3M Company's Mem. in Supp. of Mot. for Stay (ECF No. 18) ("Def.'s Mem.") at 3. The AFFD MDL was established in December 2018. At the time the AFFD MDL was established, the court stated: The actions in the AFFD MDL "share factual questions concerning the toxicity of PFOA and PFOS and their effects on human health; the chemical properties of these substances and their propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products." In re AFFF Prods. Liab. Litig., 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). The court also stated: "As there are relatively few non-AFFF actions, which are being managed effectively in their current districts, expansion of this MDL to include non-AFFF actions is not warranted." Id. at 1396.

3M points out that "[a]lthough the Panel initially created the MDL to centralize cases asserting claims to recover for groundwater and drinking water contamination resulting from the use of PFAS-containing AFFF, the Panel subsequently expanded the scope of the MDL in 2021 to encompass claims of firefighters asserting injuries from direct exposure to PFAS in AFFF and [turnout gear]." Def.'s Mem. at 4. The plaintiffs point out that they "identified the Defendants named in the Complaint based on their involvement in the manufacturing, marketing, and selling of PFAS-contaminated turnout gear and/or certain materials or chemicals therein. Although many of the Defendants named in the Complaint are also defendants in the AFFF MDL (MDL No. 2873), the cases pending in the AFFF MDL involve allegations that AFFFs contaminated groundwater near airports and other industrial locations with PFOA and PFOS." Pls.' Opp'n at 5. The plaintiffs also point out that, by contrast, the Amended Complaint "does not include any allegations pertaining to the manufacture, marketing, supply, use, or disposal of AFFFs." Id.

**\*2** 3M filed its motion to transfer with the JPML on August 15, 2024. Briefing on the motion to transfer has been completed and the Panel is expected to take up the motion to transfer at its December 5, 2024 hearing, and typically, a decision is issued one to two weeks later.

The court has reviewed the factors considered by courts in this circuit when determining whether to grant a stay pending a decision by the Panel on a motion transfer. See Gallagher v. Boehringer Ingelheim Pharms., Inc., No. 22-CV-10216 (LJL), 2023 WL 402191, at \*9 (S.D.N.Y. Jan. 25, 2023) ("At least in the MDL-context, '[c]ourts in this Circuit consider five factors in deciding whether a stay is appropriate ....'" (citation omitted)); City of Amsterdam v. Purdue Pharma L.P., No. 1:19-CV-896 (MAD/CFH), 2019 WL 5102564, at \*2 (N.D.N.Y. Oct. 11, 2019); LaSala v. Needham & Co., Inc., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). After considering those factors, the court concludes that, on balance, they weigh in favor of denying the motion to stay.

The first factor is "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed." City of Amsterdam, 2019 WL 5102564, at \*2. 3M states that the stay sought here is expected to be brief, not open-ended or indefinite, in that the Panel should decide 3M's motion by the middle of December. Also, discovery has not started in this case, and if this case is transferred by the JPML, the plaintiffs will have the benefit of coordinated pretrial proceedings and discovery to the extent it is relevant to the claims in this case. However, 3M (and the other defendants) are not obligated to simply accept the Panel's decision, so there is no guarantee that any stay imposed in this case will be lifted in December. Also, the plaintiffs have pointed to significant differences between this case and the typical case that is part of the AFFD MDL, so there is a serious question as to the extent to which discovery in this case overlaps with the discovery in the MDL, and consequently, as to the extent to which the plaintiffs will

need discovery that has not been obtained in the MDL. In addition, in cases like this one, there are frequently disputes with respect to discovery, resulting in delays. While no single delay should result in significant prejudice to the plaintiffs, cumulative delays could. Thus the court concludes that this factor weighs in favor of denying the motion to stay.

"[T]he private interests of and burden on the defendants" weighs in favor of granting the motion to stay. Id. Granting a stay will protect the defendant against the "risk of hardship [from] engaging in duplicative motion practice and discovery proceedings," as well as the possibility of "inconsistent rulings." Royal Park Invs. SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 370, 372 (S.D.N.Y. 2013) (citations omitted). As stated by 3M, it may be required to brief a motion to dismiss in this case, but under the MDL's case management orders "any motion must be signed by Co-Lead Counsel" or filed with "leave of the Court." Case Management Order No. 2.A, In re: Aqueous Film-Forming Foams Products Liability Litigation ¶ 3, No. 2:18-mn-2873-RMG (D.S.C. June 26, 2019), ECF No. 130. Also, under "[t]he MDL Court's Case Management Orders," defendants "need to file only a general denial and preliminary statement of affirmative defenses that applies across all cases in which they are named as parties." Def. 3M Company's Reply in Supp. of Mot. for Stay (ECF No. 48) ("Def.'s Reply") at 7.

**\*3** "[T]he interests of the courts" is a neutral factor. City of Amsterdam, 2019 WL 5102564, at \*2. "[C]ourts in this Circuit have recognized that stays pending transfer will ... conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." Royal Park, 941 F. Supp. 2d at 373 (internal quotation marks and citations omitted). On the other hand, given the significant differences pointed to by the plaintiffs between this case and the typical case that is part of the AFFD MDL, the opportunity for the parties and the court to identify for early resolution issues that are not presented in the AFFD MDL would probably be beneficial to the transferee court in the event this case is transferred to the MDL. See Quinn v. JPMorgan Chase Bank, N.A., No. 20-CV-4100 (JSR), 2020 WL 3472448, at \*2 (S.D.N.Y. June 24, 2020).

The fourth factor is the interests of persons not parties to the litigation. The considerations here are the same as those with respect to the third factor, and the court concludes that this is also a neutral factor.

The fifth factor is "the public interest," and it weighs heavily in favor of denying the motion to stay. City of Amsterdam, 2019 WL 5102564, at \*2. This is a class action on behalf of firefighters in the State of Connecticut who are claiming that they have been injured and continue to be injured because the turnout gear they are using is contaminated with the "forever chemicals" at issue in this case. Am. Compl. ¶ 54. The court agrees with the plaintiffs that "Plaintiffs made the deliberate decision to bring Connecticut claims in the District of Connecticut with the understanding that this path offered the best chance of securing relief as soon as possible." Pls.' Opp'n at 14. Any delay in the resolution of their claims is not only not in the plaintiffs' interest, but also not in the public interest given the nature of the function the plaintiffs perform.

Based on the foregoing, the court concludes that the relevant factors weigh in favor of denying 3M's motion to stay. For the same reasons the court concludes that the alternative request, i.e. for an extension of time to 30 days after a final decision by the JPML for 3M to respond to the Amended Complaint, should also be denied.

Accordingly, the deadline for pleading in response to the Amended Complaint is November 15, 2024, and the deadline to file the Form 26(f) Report of Parties' Planning Meeting is December 6, 2024.

It is so ordered.

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4471356

---

**Footnotes**

| | |
|---|---|
| 1 | The page numbers cited to in this ruling for documents that have been electronically filed refer to the page numbers in the header of the documents and not to the page numbers in the original documents, if any. |

Case 2:25-cv-00453-JAW   Document 59-1   Filed 12/23/25   Page 5 of 5   PageID #: 6567

Uniformed Professional Fire Fighters Association of..., Not Reported in Fed....

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.