IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>      Plaintiff,<br><br> v.<br><br>3M COMPANY, ET AL.,<br><br>      Defendants. | Case No. 2:25-cv-00453-JAW |

**DEFENDANT 3M COMPANY'S OBJECTIONS TO MAGISTRATE
JUDGE NIVISON'S DECEMBER 23, 2025 ORDER REGARDING DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant 3M Company respectfully submits these Objections to the Order Regarding Discovery entered by Magistrate Judge Nivison on December 23, 2025. Dkt. 57 (the "Order").

In the Order, Judge Nivison directed 3M to complete, by January 30, 2026, the initial document production contemplated by the Court's prior order of October 16, 2025. Judge Nivison ordered the parties to proceed with discovery even though this Court is currently considering 3M's fully briefed motion to stay these proceedings pending the determination by the Judicial Panel on Multidistrict Litigation whether to transfer this action to the AFFF MDL. *See In re Aqueous Film-Forming Foam Products Liability Litigation* (MDL No. 2873). Notwithstanding the JPML Clerk's conditional transfer order and 3M's motion to stay, Judge Nivison found that "[j]udicial economy" requires 3M to produce certain documents in the coming weeks. Dkt. 57 at 3.

Judge Nivison's order was based on an incorrect premise: that "[t]he production of relevant documents would undoubtedly be required regardless of whether the case is transferred" to the MDL. Dkt. 57 at 3. That reasoning constitutes clear error. As 3M explained in its motion to stay,

3M would *not* need to produce the same case-specific documents were this case transferred to the MDL (as it is likely to be). Dkt. 60 at 4 & n.3. In the MDL, to ensure the efficiency gains of consolidation, individual case discovery is prohibited absent leave of Court and without coordination through court-designated party leadership. *See In re: AFFF Prods. Liab. Litig.*, MDL No. 2873, ECF No. 48 (CMO 2), ¶ 13a (D.S.C. Mar. 20, 2019); *id.*, ECF No. 72 (CMO 3), ¶ 3 (D.S.C. Apr. 26, 2019).

Because the Order rests on a mistaken understanding of the MDL proceedings—that the same document discovery must be produced irrespective of transfer—this Court should set aside the Order. The Order also failed to articulate meaningful prejudice to the State from a brief pause in production of a mere three months, given the undisputed fact that this case will take years to litigate regardless of forum.[1] For the reasons stated in 3M's motion to stay, the Court should stay this action, including all discovery deadlines, for the short time it will take the JPML to issue its final decision on transfer. At a minimum, the Court should stay the January 30 deadline for 3M to produce documents until the Court adjudicates the pending motion to stay.

## BACKGROUND

On October 16, 2025, following the second removal of this action to federal court, Judge Nivison directed the parties to "use their best efforts" to complete an initial document production by December 5, 2025 and scheduled a discovery conference for December 17, 2025. Dkt. 41. The scope of (and schedule for) that discovery was based on the prior proceedings in state court, where the focus had been on identifying specific sites at issue in this case. The state court had ordered that initial production in order to better understand how discovery should proceed, including

---

[1] As noted in the motion to stay, 3M expects that the JPML will consider the State's motion to vacate the conditional transfer order at its March 26, 2026 session, and will likely issue a decision on that motion within one or two weeks of that session. *See* Dkt. 60 at 2 n.1.

2

determining the number of sites for which discovery would be necessary and the corresponding discovery needed from third parties. *See* Ex. A, Dec. 17 Hr'g Tr. ("Tr.") at 5:5-16; Ex. B, June 12, 2025 Hearing/Conference Record, *State of Maine v. 3M Co., et al.*, No. BCD-CIV-2023-00065 (Me. B.C.D. June 13, 2025).

A few weeks before the December 5 discovery deadline, however, the First Circuit reversed this Court's remand order, which had followed 3M's first removal of this action to federal court. The First Circuit expressly rejected the State's attempt to separate its claims related to AFFF PFAS from its claims related to non-AFFF PFAS, holding that "Maine's efforts to have two courts answer the same questions must fail." *Maine v. 3M Co., Inc.*, 159 F.4th 129, 131 (1st Cir. 2025). Although the most immediate effect of the First Circuit's decision was to guarantee 3M a federal forum, the court's reasoning applies with equal force to prevent Maine from splitting its "almost-identical" claims across two separate federal courts. *Id*. at 130. The First Circuit thus anticipated that the JPML may "choose to transfer this case" to the AFFF MDL, where the State's other PFAS case is already pending, given that this action (just like the other one) will "require a court to determine whether the source of any PFAS contamination at a given site can be attributed to AFFF." *Id*. at 140-41.

Accordingly, following the First Circuit's decision, 3M tagged this case as belonging in the MDL, after which the JPML issued an order conditionally transferring this action to the MDL. *See* Dkt. 55-1. In issuing that order, the Clerk of the JPML found that "[i]t appears that [this case] involve[s] questions of fact that are common to the actions previously transferred" to the MDL. *Id*. 3M also promptly moved to stay this case pending the JPML's final transfer decision; that stay motion is now fully briefed. *See* Dkt. 50 (motion); Dkt. 56 (opposition); Dkt. 60 (reply). After moving for a stay, 3M advised the State that it would await the Court's ruling on its motion before

3

proceeding with further discovery, while remaining prepared to engage promptly and proceed with discovery should the Court order it to do so. Dkt. 56-1.

On December 17, 2025, the parties appeared before Judge Nivison for a telephone conference. At that conference, counsel for 3M requested that 3M not be required to undertake further discovery while the motion for stay remained pending. In response to a question from Judge Nivison, Tr. at 9:18-21, counsel for 3M explained that "there's discovery that we would not be doing right now if we were in the MDL that … the State want[s] us to do here," *id*. at 10:8-16. That is because "there's a whole process in the MDL for master discovery," with "any discovery that is case specific" occurring only after cases are selected for a bellwether process. *Id*. Given these differences in how discovery is managed in the MDL versus in this Court, counsel explained that 3M would be prejudiced if it were required to proceed with discovery in a case that is likely to be transferred and thereby likely subject to an altogether different discovery regime. *Id*. at 10:17-11:5.

On December 23, 2025, Judge Nivison ordered 3M to complete the outstanding document discovery by January 30, 2026, reasoning that "[t]he production of relevant documents would undoubtedly be required regardless of whether the case is transferred." Dkt. 57 at 3. Judge Nivison also concluded, without further explanation, that "[d]eferring the production of the documents until after a transfer decision is made would unreasonably delay the proceedings." *Id*.

## LEGAL STANDARD

Under Rule 72(a), "a party may serve and file an objection to a nondispositive order of a magistrate judge within fourteen days of being served with a copy of the order." *Morgan v. Ocean Warrior Fisheries, LLC*, 537 F. Supp. 3d 30, 33 (D. Me. 2021). The district court must then "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R.

4

Civ. P. 72(a). Although the district court "must accept the magistrate judge's findings of fact and any inferences drawn therefrom unless they are clearly erroneous," it "reviews a magistrate judge's answers as to questions of law de novo." *Morgan*, 537 F. Supp. 3d at 33.

## ARGUMENT

The Order should be set aside. The Order's stated reason for ordering 3M to produce discovery by the end of this month was Judge Nivison's assumption that "[t]he production of relevant documents would undoubtedly be required regardless of whether the case is transferred." Dkt. 57 at 3. But as 3M has explained, that assumption was erroneous. It is simply not the case that the document discovery the State is pursuing here would be available to it should the case be transferred to the MDL. If this case is transferred, the State will gain access to millions of pages of material that have been produced in the MDL for purposes of this case (it already has access to that material for purposes of its other case already pending in the MDL); but it would not be entitled to pursue the case-specific discovery it seeks here.

Under Judge Gergel's case management orders in the MDL, all discovery must be coordinated through the Plaintiffs Executive Committee, and individual case discovery is generally not permitted absent leave of Court. *See In re: AFFF Prods. Liab. Litig.*, ECF No. 48 (CMO 2), ¶ 13a (D.S.C. Mar. 20, 2019); *Id.*, ECF No. 72 (CMO 3), ¶ 3 (D.S.C. Apr. 26, 2019). This allows the MDL court to manage a wide range of cases efficiently and avoid precisely the duplicative discovery that multidistrict litigation is designed to mitigate. Although 3M described these facts at the December 17 conference, *see* Tr. at 9:22-11:5, Judge Nivison's Order did not address them— nor offer any explanation for its conclusion that 3M would "undoubtedly" be required to produce the same documents regardless of whether the case is transferred. Because the Order overlooked the difference between discovery in an MDL and a non-MDL case, it rests on clear error.

5

Judge Nivison also incorrectly reasoned that "[d]eferring the production of the documents until after a transfer decision is made would unreasonably delay the proceedings." Dkt. 57 at 3. The Order did not point to any evidence of prejudice to the State from a delay in production of a mere three months. And none exists: This case remains in its early stages, so regardless of which federal court ultimately adjudicates it, it will take years to litigate to finality. A brief pause in discovery to allow the JPML to decide transfer—or, at a minimum, to allow this Court to adjudicate the stay motion—would not meaningfully add to that timeline. In neither its stay briefing before this Court nor at the teleconference before Judge Nivison did the State identify any concrete prejudice it would sustain from a roughly three-month pause in proceedings to give the JPML time to determine whether transfer is warranted. By contrast, requiring 3M to produce documents in the coming weeks, in an action that has already been conditionally transferred to the MDL, would subject 3M to the very inefficiencies, conflicting rulings, and wasteful discovery that the MDL is designed to avoid.

## CONCLUSION

For the foregoing reasons, and those stated in its motion to stay, which 3M incorporates by reference here, 3M respectfully requests that the Court set aside the Order, vacate the January 30, 2026 deadline for document discovery, and stay all proceedings pending the JPML's decision on transfer. At a minimum, this Court should stay the January 30 deadline pending its decision on the motion to stay.

|  |  |
|---|---|
| Dated: January 6, 2026 | Respectfully submitted, |
|  | */s/ Daniel L. Ring* |
|  | Daniel L. Ring |
|  | Jenner & Block LLP |
|  | 353 N. Clark St. |
|  | Chicago, Illinois 60654 |
|  | (312) 222-9350 |
|  | dring@jenner.com |
|  | *Admitted Pro Hac Vice* |
|  |  |
|  | Jay S. Geller (Maine Bar No. 9022) |
|  | LAW OFFICE OF JAY S. GELLER |
|  | Lunt Professional Building |
|  | 74 Lunt Road, Suite 206 |
|  | Falmouth, ME 04105 |
|  | (207) 899-1477 |
|  | jgeller@jaysgellerlaw.com |
|  |  |
|  | *Counsel for Defendant 3M Company* |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2026, I caused the foregoing to be filed with the Clerk of the Court via electronic mail, and I also caused a true and correct copy of the foregoing to be served on the following parties by Mail and Email as indicated below.

<u>By Mail and Email:</u>
Aaron M. Frey
Scott Boak
Robert Martin
Mark Bower
Office of the Maine Attorney General
6 State House Station
Augusta, Maine 04333
(207) 626-8566
Email:
Aaron.Frey@maine.gov
Scott.Boak@maine.gov
Robert.Martin@maine.gov
Mark.Bower@maine.gov

Matthew F. Pawa
Benjamin A. Krass
Gillian C.A. Cowley
PAWA LAW GROUP P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550
Email:
mp@pawalaw.com
bkrass@pawalaw.com
gcowley@pawalaw.com

Kyle J. McGee
Viola Vetter
Jason H. Wilson
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
Email:
kmcgee@gelaw.com
vvetter@gelaw.com
jwilson@gelaw.com

Steven J. Daroci
SEEGER WEISS LLP
55 Challenger Road 6th Floor
Ridgefield Park, NJ 07660
(973) 639-8656
Email:
sdaroci@seegerweiss.com

*Attorneys for Plaintiff*

By mail:

Sigmund D. Schutz
Alexandra A. Harriman
PRETI, FLAHERTY
One City Center
P.O. Box 9546
Portland, ME 04112
(207) 791-3111
Email:
sschutz@preti.com
aharriman@preti.com

J. Wylie Donald
MCCARTER & ENGLISH LLP
1301 K Street N.W.
Suite 1000 West
Washington, DC 20005
(202) 753-3400
Email:
jdonald@McCarter.com

*Attorneys for Defendants EIDP, Inc., Chemours Company, Chemours Company FC LLC, Corteva Inc., and DuPont De Nemours Inc.*

Randy J. Creswell
CRESWELL LAW
PO BOX 7340
Portland, ME 04412
(207) 358-1010
Email:
rcreswell@creswelllaw.com

*Attorneys for Defendants EIDP, Inc., Corteva Inc., and DuPont De Nemours Inc.*

9

Adam S. Taylor
Andre G. Duchette
TAYLOR, MCCORMACK & FRAME, LLC
267 Commercial Street
Portland, ME 04101
(207) 828-2005
Email:
ataylor@tmfattorneys.com
aduchette@tmfattorneys.com

*Attorneys for Defendants Chemours Company and Chemours Company FC LLC*

Dated: January 6, 2026 */s/ Daniel L. Ring*
Daniel L. Ring