## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>                    Plaintiff,<br><br>        v.<br><br>3M COMPANY, et al.,<br><br>                    Defendants. | Civil Action Nos.<br>2:23-cv-00210-JAW<br>2:25-cv-00453-JAW (Lead) |

**PLAINTIFF STATE OF MAINE'S RESPONSE TO DEFENDANT 3M COMPANY'S OBJECTIONS TO MAGISTRATE JUDGE NIVISON'S DECEMBER 23, 2025 ORDER REGARDING DISCOVERY**

Plaintiff the State of Maine (the "State") respectfully requests the Court overrule 3M Company's ("3M") objections to Magistrate Judge Nivison's December 23, 2025 Order Regarding Discovery ("Order"), ECF No. 57. The State complied with the Court's October 16, 2025 order (ECF No. 41, "October Order") requiring both sides to substantially complete their document productions by December 5, 2025; the State did so by undertaking a very substantial effort. 3M and the other Defendants, however, responded by simply announcing their refusal to comply with the October Order and producing no documents – on the basis that 3M had filed a motion to stay while it seeks transfer to a multi-district litigation. The Magistrate Judge, however, has rejected Defendants' attempt to avoid discovery and again ordered them to produce documents, this time by January 30, on the basis that the documents "would undoubtedly be required" regardless of the forum and that withholding them would "unreasonably delay the proceedings, particularly if the case is not transferred." ECF No. 57 at 3.

The Magistrate Judge was right. It is presumptuous to assume that transfer will occur and, in the meantime, this Court retains jurisdiction. Moreover, Defendants will need to produce their documents regardless of whether the case is transferred to the MDL. 3M argues that, if the

case is transferred, production of case-specific documents would have to await the completion of common discovery in the MDL, but that is beside the point as Defendants will have to produce case-specific documents during the life of the case regardless of the forum. 3M is also wrong in arguing there would be no prejudice to the State from delay: this case addresses a matter of public health and welfare of critical importance to the State and has already been delayed for years. And if the Court were to excuse Defendants from compliance with document discovery, it would reward their open refusal to comply with a court order. As there is no clear error, the Court should overrule 3M's objections.

## BACKGROUND

In June 2025, the state court ordered the parties to "expeditiously exchange paper discovery" after rejecting Defendants' proposal for one-sided discovery of the State. ECF No. 12, Ex. 241 (hearing/conference record). Since there already is a large body of general liability discovery available from sister state Vermont's non-AFFF PFAS case where discovery is complete, the State requested that Defendants produce Maine-specific documents, including sales records of PFAS into Maine, communications about PFAS with persons in Maine, including customers, documents identifying employees and contracted third parties responsible for sales or marketing of PFAS in Maine, and documents regarding any facilities the defendants may have had in Maine for those PFAS. ECF No. 62-1 at 5:8–13 (Hearing transcript, Dec. 17, 2025 ("Hr'g Tr.")). Notably, Defendants did not object to producing these documents. *Id.* at 15:5–13.

On October 16, 2025, Magistrate Judge Nivison held a case management conference and ordered the parties to "use their best efforts to complete the outstanding discovery by December 5, 2025." ECF No. 41 (October Order). The State complied with the order through

extraordinary efforts to timely produce a list of over 900 Claimed Sites at issue, a chart attributing Defendants' PFAS chemistries by environmental media at each of those 900 sites, and over 6.5 million pages of site files for the Claimed Sites.  ECF No. 62-2 at 3:8–4:22 (Hr'g Tr.).  Defendants have produced none of the requested case-specific documents, with the exception of a single sales spreadsheet by DuPont.  *Id.* at 15:5–13; ECF No. 56 at 4 (State's Opposition to Defendant 3M Company's Motion to Stay).  Instead, on the eve of the December 5 Court-ordered discovery deadline, Defendants informed the State that they would not be producing any documents on account of their pending motion to stay but "should the Court direct us to proceed, we will be prepared to engage promptly and will continue to proceed with discovery."  ECF No. 56-1 (Email from D. Ring to B. Krass (Dec. 5, 2025)); ECF No. 62-1 at 5:14–24 (Hr'g Tr.).

On December 17, 2025, the State informed Magistrate Judge Nivison at a case management conference that, contrary to the discovery order, Defendants had "stopped cooperating with discovery when they filed a motion to stay, even though the stay hasn't been granted."  ECF No. 62-1 at 3:1–2 (Hr'g Tr.).  During the conference, Judge Nivison heard both parties' arguments concerning the First Circuit's opinion reversing the remand order, the pending request for transfer of the case to the MDL, and 3M's likelihood of success on its motion to stay as they pertained to Defendants' failure to produce the documents.  *Id.* at 7:10–16:16.[1]  Judge Nivison expressly asked 3M whether the "State requested any discovery that [counsel for 3M] … contend would not be ordered in the MDL."  *Id.* at 9:18–21.  3M responded that

> any discovery that is case specific is tied to case management orders in – in cases once they're selected for a bellwether process.  And so, yes, we would maintain that there's discovery that we would not be doing *right now* if we were in the

---

[1] 3M states that the First Circuit decision prevents Maine from splitting its AFFF and non-AFFF cases "across two separate federal courts," ECF No. 62 at 3, but that is not at all what the First Circuit said:  its concern was with "state and federal court actions deciding the same PFAS contamination source issues."  *State of Maine v. 3M Co.*, 159 F.4th 129, 140 (1st Cir. 2025).

MDL that Mr. Pawa and the State want us to do here.

*Id.* at 10:10–15 (emphasis added).  In other words, 3M did not argue that if there was an MDL transfer, the discovery never would be required over the life of the case, only that it would not be required right away.  Magistrate Judge Nivison stated that he would "take a look at [the] issues and arguments" raised in both parties' briefing on the motion to stay in issuing an order on discovery.  *Id.* at 17:3–17.

On December 23, Magistrate Judge Nivison ordered that "on or before January 30, 2026, Defendants shall produce the documents contemplated by the Court's October 16, 2025, order." ECF No. 57 at 3.  The Order explained that the "Court anticipated that by December 17, the parties would have made sufficient progress in discovery to permit a meaningful discussion regarding a scheduling order," but that at the December 17 conference Plaintiff reported that "Defendants ceased participating in discovery."  *Id.* at 1.  The Order recognized that the Clerk of the JPML had issued a conditional transfer order ("CTO") of the case to the MDL, that a party could object to such an order, and that, under the JPML rules, "this Court maintains jurisdiction over pretrial proceedings despite the conditional order of transfer."  *Id.* at 2.  The Order recounted Defendants' arguments that "continued discovery in this matter would be contrary to the interests of judicial economy because the First Circuit's decision suggests that transfer [of this case] to the pending MDL … might be appropriate or even likely," *id.* at 2, but nonetheless held that "[j]udicial economy … does not support relieving Defendants of their obligation to comply with the Court's October 16, 2025, order requiring the parties to complete outstanding discovery," that the "production of relevant documents would undoubtedly be required regardless of whether the case is transferred," and "[d]eferring the production of the documents until after a transfer decision is made would unreasonably delay the proceedings, particularly if the case is not transferred."  *Id.* at 3.  DuPont has not objected to the Order.  3M does object.

4

ECF No. 62.

## LEGAL STANDARD

The Court may only "modify or set aside" a Magistrate Judge's non-dispositive order if it is "clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a); *accord Plourde v. Lewis*, No. 1:23-CV-00323-JAW, 2025 WL 2723554, at *4 (D. Me. Sept. 24, 2025) (discovery order is non-dispositive). "Under this more limited standard of review, this Court assesses the Magistrate Judge's orders by accepting both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the Court], form[s] a strong, unyielding belief that a mistake has been made." *Plourde*, 2025 WL 2723554 at *6 (internal quotations omitted). A Magistrate Judge has "considerable discretion" in ruling on discovery matters. *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 82 (D. Me. 2008). "District Courts typically refrain from second guessing the magistrate judge's pre-trial discovery rulings." *Plourde*, 2025 WL 2723554, at *6 (internal quotations omitted).

## ARGUMENT

3M's objection is based on the assumption that it will prevail in its effort to transfer this case to the MDL. But that is far from clear. As set forth in the State's brief opposing the pending motion to stay, the JPML has repeatedly refused to transfer non-AFFF cases where 3M merely has alleged some "plausible" commingling of AFFF including where, as here, the JPML clerk initially issued a CTO. ECF No. 56 at 7–8 (State's Opposition to Defendant 3M Company's Motion to Stay). As the Magistrate Judge corrected ruled, the CTO does not affect this Court's jurisdiction. *See* ECF No. 57 at 2–3 (citing JPML Rule 2.1(d), which provides that issuance of CTO "does not affect or suspend orders and pretrial proceedings in any pending federal district court action" and "does not limit the pretrial jurisdiction of that court"). The

5

Magistrate Judge reasonably was concerned about delay, "particularly," as he stated, "if the case is not transferred." *Id.* at 3.

The Magistrate was also correct in determining that Defendants would need to produce the ordered discovery even if the case were to be transferred. 3M contends this was clear error because case-specific discovery like the Maine-related PFAS documents at issue here would only occur later in the process, given that MDL discovery focuses on discovery issues common to multiple plaintiffs. But case-specific discovery must nonetheless occur, either in the MDL itself, or upon return to this Court. *In re Patenaude*, 210 F.3d 135, 143, 145 (3d Cir. 2000) ("a proceeding that relates only to a single individual's case or claim can nonetheless be coordinated" under 28 U.S.C. 1407(a), but "the Panel has the discretion to remand a case when everything that remains to be done is case-specific").

In fact, 3M itself presented the issue as merely one of timing. When the Magistrate Judge asked 3M at the conference whether the "State requested any discovery … that you [counsel for 3M], contend would not be ordered in the MDL," ECF 62-1 at 9:18–21 (Hr'g Tr.), 3M only responded that "there's discovery that we would not be doing *right now* if we were in the MDL," *id.* at 10:12–15 (emphasis added), and never contended that such discovery would not be required at some point. 3M has conceded, as it must, that the ordered discovery must be produced at some point—it agreed to produce the documents before it abruptly changed course after the First Circuit decision, *id.* at 15:5–13, and even then, informed the State that "should the Court direct us to proceed, we will be prepared to engage promptly and will continue to proceed with discovery." ECF No. 56-1 (Email from D. Ring to B. Krass (Dec. 5, 2025)). In short, the Magistrate Judge was right that the outstanding discovery would "undoubtedly be required regardless of whether the case is transferred." ECF No. 57 at 3. There is no clear error.

6

3M is also wrong in contending that the Order fails to identify any prejudice to the State from deferring production. The State made extraordinary efforts consistent with this lawsuit being a critical part of Maine's response to the PFAS crisis and complied with the Court's order to complete the pending discovery on the express understanding that the ordered discovery would be bilateral. ECF No. 56 at 6–7; ECF No. 62.1 at 3:8–5:24, 6:11–21 (Hr'g Tr.). But the State has been deprived of access to Defendants' documents. Given that the JPML will not decide the transfer issue until late March or early April 2026 at the soonest, the record supports the Order's finding that deferring production of the documents would "unreasonably delay the proceedings." ECF No. 57 at 3; *see also Uniformed Pro. Fire Fighters Ass'n of Connecticut v. 3M Co.*, No. 3:24-CV-1101 (AWT), 2024 WL 4471356, at *3 (D. Conn. Oct. 10, 2024) (denying stay pending decision by JPML on transfer to AFFF MDL because "cumulative delays" could "result in significant prejudice to the plaintiffs"). And as set forth in the Complaint, this is no ordinary case: it is brought by the sovereign alleging widespread toxic contamination of the environment and seeks damages to remediate this public health threat. PFAS is a crisis in Maine and the repeated delays in this case filed in 2023 are adding up and prejudice the State.

Finally, overturning the Order here would reward Defendants for their refusal to follow a court order. Defendants openly announced that, given 3M's motion to stay, they simply were refusing to obey the Court's October Order. ECF No. 56 at 7; ECF No. 62.1 at 5:5–24 (Hr'g Tr.). This was wholly improper.[2] The Magistrate Judge rightly declined to reward this conduct.

---

[2] *See Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) ("Merely filing a motion for [a stay] does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order."); *Creative Sols. Grp., Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001) ("The plain fact is that merely moving for a stay does not operate to effectuate a stay unless and until the stay is granted" and a party is "under an obligation to obey [an] Order unless it *sought and obtained* a stay of that specific Order.").

**CONCLUSION**

The Court should overrule 3M's objections and affirm Magistrate Judge Nivison's

December 23 Order Regarding Discovery because 3M has failed to establish that the Order is

clearly erroneous.

Dated: January 20, 2026          Respectfully submitted,

                            AARON M. FREY
                            ATTORNEY GENERAL

                            */s/* Benjamin A. Krass
                            Benjamin A. Krass*
                            Matthew F. Pawa*
                            Gillian C.A. Cowley*
                            Pawa Law Group P.C.
                            1280 Centre Street, Suite 230
                            Newton Centre, MA 02459
                            (617) 641-9550
                            Email:  bkrass@pawalaw.com
                                    mp@pawalaw.com
                                    gcowley@pawalaw.com

                            Scott Boak (Bar No. 009150)
                            Mark Bower (Bar No. 004132)
                            Assistant Attorneys General
                            6 State House Station
                            Augusta, Maine 04333
                            (207) 626-8566
                            Email:  Scott.Boak@maine.gov
                                    Mark.Bower@maine.gov

                            Kyle J. McGee*
                            Viola Vetter*
                            Jason H. Wilson*
                            Grant & Eisenhofer P.A.
                            123 Justison Street
                            Wilmington, DE 19801
                            (302) 622-7000
                            Email:  kmcgee@gelaw.com
                                    vvetter@gelaw.com
                                    jwilson@gelaw.com

                            *Admitted *pro hac vice*