IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>                Plaintiff,<br><br>   v.<br><br>3M COMPANY, ET AL.,<br><br>                Defendants. | Civil Action Nos.<br>2:23-cv-00210-JAW<br>2:25-cv-00453-JAW (Lead) |

**PLAINTIFF'S SECOND SUPPLEMENTAL DISCLAIMER OF ANY RELIEF FOR CONTAMINATION OR INJURY RELATED TO AFFF**

Plaintiff the State of Maine (the "State") files this second supplemental disclaimer of any relief for contamination or injury related to Aqueous Film Forming Foam ("AFFF") to supplement the AFFF disclaimer in its Complaint (ECF No. 1-1 ¶ 15) and its supplemental disclaimer (ECF No. 52) with respect to nine sites that plaintiffs in separate cases have alleged are contaminated by PFAS that they allege is, upon information and belief, attributable, at least in part, to AFFF. On December 11, 2025, 3M Company ("3M") filed a Notice of Potential Tag-Along Action with the JPML stating that the State's case allegedly overlaps with cases by municipal water supplies and wastewater treatment facilities pending in the MDL that 3M did not identify by name. *In re: AFFF Prods. Liab. Litig.*, MDL 2873, ECF No. 4060 (J.P.M.L. Dec. 11, 2025). The State was not previously aware of these separate cases with respect to seven of the sites until last week and, contrary to plaintiffs' allegations in those cases, is not aware of information that PFAS contamination at any of the seven sites is attributable in part to AFFF. The remaining two sites, the Kennebunk, Kennebunkport & Wells Water District ("KK&W") and the Kennebec Water District, were the subject of prior briefing in this Court and the First Circuit. After the State had rebutted 3M's allegations of AFFF commingling at KK&W and the

1

Kennebec Water District, 3M informed the First Circuit that it was not relying upon KK&W and the Kennebec Water District for purposes of removal.  Reply Brief of Appellant 3M Company at 25 in *State of Maine v. 3M Co.*, No. 23-1709 (1st Cir. Feb. 21, 2024).  While the Kennebec Water District has never been part of the State's case and thus did not need to be removed from the State's discovery responses, the State expressly disclaims the Kennebec Water District (ME0090750) here out of an abundance of caution and for the avoidance of doubt to ensure that this case remains strictly focused on PFAS sites that are entirely unrelated to AFFF contamination.

On January 21, 2026, the State served supplemental discovery responses that removed the other eight of these sites from its Claimed Site List and, therefore, the case:

- Kennebunk, Kennebunkport & Wells Water District (64683, ME0090760)
- Portland Water District (Cape Elizabeth WWTF) (34664)
- Portland Water District (East End WWTF) (47294)
- Portland Water District (Peaks Island WWTF) (126626)
- Portland Water District (Westbrook-Gorham WWTF) (47273)
- Sanford Water District (135737, ME0091410)
- Scarborough Sanitary District (121822)
- York Sewer District (47474)[1]

The State hereby disclaims and confirms that it is not seeking any relief in this case with respect to contamination at or from any of the nine sites above and hereby limits all of its claims and any recovery to exclude such contamination in this case.  While the State also intends to update its proposed amended complaint that is the subject of its pending motion to amend its complaint to

---

[1] Plaintiff's Third Supplemental Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff State of Maine; MEPLTF_NonAFFF_006597016 (third supplemental Claimed Site List); Plaintiff's Second Supplemental Responses and Objections to Defendants' Second Set of Interrogatories to Plaintiff State of Maine; MEPLTF_NonAFFF_006597017 (second supplemental list attributing defendants' PFAS chemistries to the Claimed Sites).  The State also sets forth the State's tracking number for each site, i.e., the EGAD # for all site types and the PWS ID # for those that are public water systems.

add the above sites to the list of expressly disclaimed sites, the State is filing this disclaimer now in the interests of time and pursuant to authority that a plaintiff may effect a disclaimer through less formal means than amending its complaint. *See, e.g.*, *People ex rel. Raoul v. 3M Co.*, 111 F.4th 846, 849 (7th Cir. 2024) (disclaimer valid where "the State clearly and unequivocally conceded at oral argument that it would not seek relief against 3M for mixed PFAS contamination"); *Wilson v. Experian Info. Sols., Inc.*, No. 25-11153-BEM, 2025 WL 1594750, at *2 & n.4 (D. Mass. June 5, 2025) (disclaimer in remand motion was "an effective amendment or clarification" because the court's adoption of it "estop[s] [the plaintiff] from arguing otherwise down the line").[2]

The State files this second supplemental disclaimer to ensure that this case remains strictly focused on PFAS sites that are entirely unrelated to AFFF contamination, regardless of whether it will now proceed in federal court under the First Circuit's ruling. The State has filed a separate case, which is pending in a Multi-District Litigation, that seeks recovery for AFFF contamination. To the extent there are any sites with mixed AFFF and non-AFFF contamination, the State does not intend to pursue recovery for those sites in this non-AFFF case, but instead reserves its right to pursue and seek recovery for such disclaimed sites through the State's AFFF case currently pending in the AFFF MDL.

The State wishes to litigate its case, which is over three and a half years old, in a Maine forum and will continue to strenuously oppose 3M's attempt to transfer this case to the AFFF MDL.

---

[2] *Accord Gerran v. City of Ferguson*, No. 4:24-CV-00843-SPM, 2025 WL 1454469, at *1 (E.D. Mo. May 21, 2025) ("although Plaintiffs have not amended their complaint to eliminate their federal claims, they have voluntarily dismissed their federal claims, which has the same effect"); *Genosa v. Glob. K9 Prot. Grp., LLC*, No. 3:24-CV-00063-AJB-BLM, 2025 WL 775825, at *2 n.1 (S.D. Cal. Mar. 11, 2025) ("as Plaintiff has elected to abandon his claim under 38 U.S.C. § 4311, he has, in effect, withdrawn it from the operative complaint"); *In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. MDL 24-3128 (KMM/DTS), 2025 WL 713360, at *2 (D. Minn. Mar. 5, 2025) ("Here, of course, the [plaintiffs] did not make a post-removal amendment of their complaint to remove the federal-law claims, but instead used voluntary dismissal. The Court sees no difference between the two procedural mechanisms, as both land in the same place.").

Dated: January 21, 2026

Respectfully submitted,

AARON M. FREY
ATTORNEY GENERAL

*/s/* Benjamin A. Krass
Benjamin A. Krass*
Matthew F. Pawa*
Gillian C.A. Cowley*
Pawa Law Group P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550
Email: bkrass@pawalaw.com
　　　　mp@pawalaw.com
　　　　gcowley@pawalaw.com

Scott Boak (Bar No. 009150)
Mark Bower (Bar No. 004132)
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333
(207) 626-8566
Email: Scott.Boak@maine.gov
　　　　Mark.Bower@maine.gov

Kyle J. McGee*
Viola Vetter*
Jason H. Wilson*
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
Email: kmcgee@gelaw.com
　　　　vvetter@gelaw.com
　　　　jwilson@gelaw.com

*Admitted *pro hac vice*