IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>              Plaintiff,<br><br>  v.<br><br>3M COMPANY, ET AL.,<br><br>              Defendants. | Civil Action Nos.<br>2:23-cv-00210-JAW<br>2:25-cv-00453-JAW (Lead) |

**PLAINTIFF'S THIRD SUPPLEMENTAL DISCLAIMER OF ANY RELIEF FOR CONTAMINATION OR INJURY RELATED TO AFFF**

Plaintiff the State of Maine (the "State") files this third supplemental disclaimer of any relief for contamination or injury related to Aqueous Film Forming Foam ("AFFF") to supplement the AFFF disclaimer in its Complaint (ECF No. 1-1 ¶ 15) and the other disclaimers that it has filed, ECF Nos. 52, 73, with respect to five sites that plaintiffs in separate cases have alleged are contaminated by PFAS that they allege is, upon information and belief, attributable, at least in part, to AFFF.  The State became aware for the first time through a January 22, 2026, news article that the Town of Camden and the Mid-Coast Solid Waste Corporation had filed cases in the MDL with respect to the Camden Wastewater Treatment Facility and the Mid-Coast Solid Waste Quarry Landfill and Transfer Station.  *See* Annmarie Hilton, *Midcoast town sues manufacturers over PFAS contamination in wastewater*, Maine Morning Star (Jan. 22, 2026), Ex. A.  As soon as the State became aware of these cases through this news article, it promptly conducted further searches of the MDL docket containing over 8,700 entries and discovered three additional MDL cases by municipalities in Maine that were not returned by its prior searches.  The State was not previously aware of these separate cases.

1

On January 26, 2026, the State served supplemental discovery responses that removed three of these sites from its Claimed Site List and, therefore, the case:

- Camden Wastewater Treatment Facility (83206);
- South Portland Wastewater Treatment Facility (148124); and
- Wells Sanitary District (47472).[1]

While two other sites — the Bangor Wastewater Treatment Facility and the Mid-Coast Solid Waste Quarry Landfill and Transfer Station — have never been part of the State's case and thus did not need to be removed from the State's discovery responses, the State expressly disclaims the Bangor Wastewater Treatment Facility (81609) and the Mid-Coast Solid Waste Quarry Landfill and Transfer Station (29577) here out of an abundance of caution and for the avoidance of doubt to ensure that this case remains strictly focused on PFAS sites that are entirely unrelated to AFFF contamination.

The State hereby disclaims and confirms that it is not seeking any relief in this case with respect to contamination at or from any of the five sites above and hereby limits all of its claims and any recovery to exclude such contamination in this case. The State also hereby disclaims and confirms that it is not seeking any relief in this case with respect to contamination at or from any public water system, wastewater treatment facility or landfill that is located in Maine and that is at issue in any case that is or may in the future be filed in the MDL or transferred to the MDL. While the State also intends to update its proposed amended complaint that is the subject of its pending motion to amend its complaint to add the above sites to the list of expressly

---

[1] Plaintiff's Fourth Supplemental Responses and Objections to Defendants' First Set of Interrogatories to Plaintiff State of Maine; MEPLTF_NonAFFF_006597018 (fourth supplemental Claimed Site List); Plaintiff's Third Supplemental Responses and Objections to Defendants' Second Set of Interrogatories to Plaintiff State of Maine; MEPLTF_NonAFFF_006597019 (third supplemental list attributing defendants' PFAS chemistries to the Claimed Sites). The State also sets forth the State's tracking number (i.e., the EGAD #), for these sites.

disclaimed sites, the State is filing this disclaimer now in the interests of time and pursuant to authority that a plaintiff may effect a disclaimer through less formal means than amending its complaint.  *See, e.g.*, *People ex rel. Raoul v. 3M Co.,* 111 F.4th 846, 849 (7th Cir. 2024) (disclaimer valid where "the State clearly and unequivocally conceded at oral argument that it would not seek relief against 3M for mixed PFAS contamination"); *Wilson v. Experian Info. Sols., Inc.*, No. 25-11153-BEM, 2025 WL 1594750, at *2 & n.4 (D. Mass. June 5, 2025) (disclaimer in remand motion was "an effective amendment or clarification" because the court's adoption of it "estop[s] [the plaintiff] from arguing otherwise down the line").[2]


Dated:  January 26, 2026              Respectfully submitted,

                                      AARON M. FREY
                                      ATTORNEY GENERAL

                                      */s/* Benjamin A. Krass
                                      Benjamin A. Krass*
                                      Matthew F. Pawa*
                                      Gillian C.A. Cowley*
                                      Pawa Law Group P.C.
                                      1280 Centre Street, Suite 230
                                      Newton Centre, MA 02459
                                      (617) 641-9550
                                      Email: bkrass@pawalaw.com
                                             mp@pawalaw.com
                                             gcowley@pawalaw.com

                                      Scott Boak (Bar No. 009150)

---

[2] *Accord Gerran v. City of Ferguson*, No. 4:24-CV-00843-SPM, 2025 WL 1454469, at *1 (E.D. Mo. May 21, 2025) ("although Plaintiffs have not amended their complaint to eliminate their federal claims, they have voluntarily dismissed their federal claims, which has the same effect"); *Genosa v. Glob. K9 Prot. Grp., LLC*, No. 3:24-CV-00063-AJB-BLM, 2025 WL 775825, at *2 n.1 (S.D. Cal. Mar. 11, 2025) ("as Plaintiff has elected to abandon his claim under 38 U.S.C. § 4311, he has, in effect, withdrawn it from the operative complaint"); *In re Dividend Solar Fin., LLC, & Fifth Third Bank Sales & Lending Pracs. Litig.*, No. MDL 24-3128 (KMM/DTS), 2025 WL 713360, at *2 (D. Minn. Mar. 5, 2025) ("Here, of course, the [plaintiffs] did not make a post-removal amendment of their complaint to remove the federal-law claims, but instead used voluntary dismissal.  The Court sees no difference between the two procedural mechanisms, as both land in the same place.").

        Mark Bower (Bar No. 004132)
        Assistant Attorneys General
        6 State House Station
        Augusta, Maine 04333
        (207) 626-8566
        Email: Scott.Boak@maine.gov
                Mark.Bower@maine.gov

        Kyle J. McGee*
        Viola Vetter*
        Jason H. Wilson*
        Grant & Eisenhofer P.A.
        123 Justison Street
        Wilmington, DE 19801
        (302) 622-7000
        Email: kmcgee@gelaw.com
                vvetter@gelaw.com
                jwilson@gelaw.com

        *Admitted *pro hac vice*