# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE, | |
| Plaintiff, | Civil Action Nos. |
| | 2:23-cv-00210-JAW |
| v. | 2:25-cv-00453-JAW (Lead) |
| 3M COMPANY, ET AL., | |
| Defendants. | |

### PLAINTIFF STATE OF MAINE'S REPLY IN SUPPORT OF
### MOTION TO AMEND COMPLAINT TO ADD DISCLAIMER

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    I.   The State's purpose in amending the complaint to avoid MDL transfer is entirely proper. ........................................................................................... 2

    II.  The State moved to amend promptly after the First Circuit returned the case to this Court. ................................................................................................. 7

    III. The State's proposed amendment would be neither futile nor prejudicial. ......................... 9

CONCLUSION ............................................................................................................................ 10

## INTRODUCTION

The State's motion to amend is made for a proper purpose, i.e., to avoid transfer to an MDL dealing with AFFF products, which are not the products that are the subject of the State's suit here. No less an authority than the Judicial Panel on Multidistrict Litigation ("JPML") has ruled that a plaintiff's proposed amendment to the complaint to remove any arguable AFFF implications is a proper consideration in deciding whether to transfer to the AFFF MDL. The State's amendment to more precisely delineate the scope of the State's case so as to prevent transfer to the AFFF MDL is thus exactly the means for indicating the plaintiff's intent that the very judicial body overseeing the scope of the MDL has relied upon in denying transfer of other non-AFFF cases. The Supreme Court has also made clear that there is nothing improper about amending the complaint in order to affect the forum.

The State's motion is also timely as the State filed it soon after defendant 3M Company ("3M") newly removed the case and injected new, alleged AFFF sites into the pending appeal and shortly after the First Circuit upheld federal jurisdiction based on one of these sites. The proposed amendment also is not futile as it would allow the JPML to rule based on a clear record that the sites on which 3M seeks to base transfer are out of the case. Nor is there any prejudice in removing a handful of sites from the case, which would reduce defendants' liability here.

Defendants' opposition to this motion is telling. They seek to maximize their liability by keeping sites in the case where 3M says it has a federal defense. The State is trying to remove those sites from the case altogether, but defendants simply will not take yes for an answer. Their purposes seem obvious: to obtain a change of forum and to slow the Court down by litigating an obviously proper request to amend. The Court should grant the motion.

**BACKGROUND**

After defendants filed their oppositions to this motion, the State discovered a small number of additional sites that are the subject of cases filed by Maine municipalities in the AFFF MDL. Because 3M seeks to base MDL transfer, in part, on the existence of such alleged "overlap" cases, the State promptly removed those additional sites from the case by amending its discovery response listing the "Claimed Sites" at issue in this case, filing new disclaimers in this Court, and serving on defendants a revised proposed amended complaint that adds these additional sites to the list of excluded sites.[1] In all other relevant respects, the proposed amended complaint is identical to the amended complaint that the State attached to its motion. Defendants responded by insisting that the State must withdraw this motion and file a new one in order for the Court to be able to consider the updated version of the amended complaint.[2] The State respectfully submits that the Court may consider the updated version of the amended complaint as the legal issues are identical regardless of the precise number of excluded sites listed in the pleading.

**ARGUMENT**

**I.    The State's purpose in amending the complaint to avoid MDL transfer is entirely proper.**

3M's argument that it somehow constitutes bad faith for a party to amend its complaint to avoid MDL transfer, 3M Opp. at 1, 8–9, along with its sharp-tongued rhetoric about

---

[1] Plaintiff's Second Supplemental Disclaimer of any Relief for Contamination or Injury related to AFFF at 1–2 & n.1 (Jan. 21, 2026), ECF No. 73; Plaintiff's Third Supplemental Disclaimer of any Relief for Contamination or Injury related to AFFF at 1–2 & n.1 (Jan. 26, 2026), ECF No. 76; Emails from B. Krass to Counsel for Defendants attaching updated proposed amended complaint (Jan. 21 & 26, 2026); Updated proposed Amended Compl., Ex. A; Updated redlined comparison to the operative Compl., Ex. B; Updated proposed Amended Compl. redlined against clean version of proposed Amended Complaint attached to State's motion, Ex. C.

[2] Plaintiff State of Maine's Consented-to Motion to Enlarge Page Limit on State's Omnibus Reply in Support of its Motion to Amend Complaint to Add Disclaimer at 1 (Jan. 23, 2026), ECF No. 74.

"jurisdictional jockeying" and "gamesmanship," cannot be squared with the governing law.

The JPML itself has expressly held that it will respect—and thus not transfer to the MDL—a plaintiff's pending motion to amend a complaint to remove even explicit references to AFFF where the original complaint does not affirmatively allege that AFFF had caused her injuries.  *See* Order Denying Transfer at 3, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Feb. 12, 2025), ECF No. 3260.  There, the plaintiff firefighter sued 3M and others for injuries allegedly stemming from PFAS contained in the firefighter's protective clothing, not from AFFF, though her complaint contained some references to AFFF.  3M moved to transfer the case to the AFFF MDL, arguing that because there were references to AFFF in the complaint and because the plaintiff, as a firefighter, "presumably was exposed to AFFF," the matter would involve AFFF questions.  *Id*.  The Panel denied transfer because plaintiff, like the State here, did not attribute her injuries to AFFF and "ha[d] moved to amend her complaint to remove any reference to foam and to clarify that her claims pertain exclusively to PFAS-containing" firefighting gear, not AFFF.  *Id*.  3M sought reconsideration but the Panel re-affirmed its decision.  Order Denying Transfer at 3, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Dec. 11, 2025), ECF No. 4062 (rejecting transfer a second time because "plaintiff never attributes causation for decedent's injuries to AFFF and has moved to amend her complaint to remove any references to foam.").

In other words, the very judicial body charged with overseeing the demarcation and scope of the AFFF MDL disagrees with 3M's position that amending to avoid transfer is somehow improper.  And that makes sense:  the JPML has repeatedly explained that it is concerned about the manageability of an already enormous MDL and has thus taken great care to keep the MDL free from non-AFFF cases.  MDL No. 2873, ECF No. 3260 at 2 ("We drew this line between

3

'AFFF' and 'non-AFFF' cases because of our concerns for the manageability of this litigation . . . [injecting non-AFFF cases] would include far more site-specific issues, different modes of PFAS contamination, and different PFAS chemicals . . . [such that the] MDL could quickly become unwieldy.") (citing prior orders); *see also Jones v. Guidant Corp.*, 2006 WL 406306, at *3 (E.D. Tenn. Feb. 1, 2006) (holding that, although it was "apparent" that reason for amendment was to avoid transfer to MDL, "if plaintiff wishes to amend her complaint as she asks, she certainly should be allowed to do so"). The amendment the State has proffered, to further delineate this case as non-AFFF, is proper and will assist the Panel in its determination.

        The U.S. Supreme Court also disagrees with 3M's position that an amendment intended to affect the forum is improper. 3M says that *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), sheds no light on whether to allow an amendment that is intended to affect which forum the case is in, only on the forum implications once amendment already has been allowed. 3M Opp. at 10. But that narrow reading cannot be squared with the Court's decision plainly embracing an amendment animated by a desire to be in a particular court: the defendant had removed the case to federal court "[b]ut that is not where [plaintiff] wanted the case to be resolved. So she countered [defendant's] move: She amended her complaint to delete its every mention" of a federal statute. *Royal Canin*, 604 U.S. at 29. The Court not only embraced the jurisdictional consequences of that amendment, it dropped a footnote expressly rejecting "forum-manipulation concerns" as an argument that "fails on multiple levels." *Id*. at 42 n.9. 3M invites the Court to take the Eighth Circuit's contrary view, 3M Opp. at 10, but that dictum from a lower court did not survive the Supreme Court's decision. Recent case law from lower courts applying *Royal Canin* thus have rejected defense arguments of "forum manipulation," "gamesmanship"

4

and "bad faith" like those arguments of 3M.[3]

So even if it were true that Maine was secretly laying the groundwork for a renewed remand motion, as defendants allege, 3M Opp. at 9-13; DuPont Opp. at 4, that would only mean that a Supreme Court decision is even more directly on point. The State, however, has been upfront that it seeks to amend its complaint to "make clear that this is not an AFFF case and ought not be transferred to the AFFF MDL," Mot. at 5, and has made no representations about the amendment defeating federal jurisdiction.[4] And to be clear, the State has not made any decision to seek another remand but, by the same token, the applicable jurisdictional law may well be in flux in light of an impending Supreme Court decision on federal officer removal argued earlier this month as well as a pending petition for certiorari in a case by sister states dealing with their AFFF disclaimers. *Plaquemines Parish v. BP Am. Prod. Co.*, 103 F.4th 324 (5th Cir. 2024), *cert. granted sub nom. Chevron USA Inc. v. Plaquemines Parish*, 145 S. Ct. 2792 (U.S. June 16, 2025) (No. 24-813; argued Jan. 12, 2026); *Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025), *petition for cert. filed* (U.S. Oct. 24, 2025) (No. 25-517). Nor has the time

---

[3] *See, e.g., Faulk v. JELD-WEN*, Inc., 159 F.4th 618, 624 (9th Cir. 2025) ("Nor may we rely on forum-manipulation concerns" after *Royal Canin*); *Century Next Bank v. JPMorgan Chase Bank*, 2026 WL 179558, at *2 (S.D. Tex. Jan. 23, 2026) ("Post-removal amendments may have jurisdictional effects, but federal law now enables them; a finding of bad faith cannot easily arise from an attempt to defeat federal jurisdiction through post-removal deletion of some claims."); *Charbonneau v. Santamarta*, 2025 WL 2829716, at *1–2 (S.D. Fla. July 23, 2025) (rejecting defense argument of "forum-manipulation": "when Plaintiff realized that the Court was going to interpret Count V to implicate federal law in a manner that it did not intend, Plaintiff sought to amend the Complaint so as to correctly set out its original intention. Plaintiff is the 'master' of its action, an action that it did not intend to implicate any federal law.").

[4] 3M says the State "has elsewhere suggested that its amendment would support a renewed remand motion," citing the State's supplemental disclaimer. 3M Opp. at 11. But that disclaimer says it was intended "to ensure that this case remains strictly focused on PFAS sites that are entirely unrelated to AFFF contamination, regardless of whether it will now proceed in federal court under the First Circuit's ruling" and that the State "wishes to litigate its case, which is over three and a half years old, in a Maine forum, whether that forum is a state or federal one." Plaintiff's Supplemental Disclaimer, ECF No. 52 at 3.

yet elapsed for Maine to seek certiorari in this case.  In the meantime, the State recognizes that this case will be proceeding in federal court.

3M and DuPont cite just one case taking issue with an amendment intended to avoid MDL transfer, *In re Insulin Pricing Litig.*, 2025 WL 3022535 (D.N.J. Oct. 29, 2025) ("*Insulin*").  3M Opp. at 8; DuPont Opp. at 4-5.  But even a cursory review of *Insulin* demonstrates it is of no help to defendants here.  The plaintiff there had sought to make "sweeping changes" to its complaint with new claims that the court concluded would "significantly expand the claims asserted in this action and would, thus, materially alter the nature of this litigation[,]" and "unduly prejudice Defendants by drastically expanding the scope of the litigation." *Insulin*, 2025 WL 3022535, at *2.  In addition, the plaintiff had been allowed to amend its complaint once already and had not "sufficiently justified the 2-year delay in seeking to add the additional claims." *Id*.  None of this is true here.  The State's proposed amendment does not drastically expand the scope of this case, it reduces it, consistent with 3M's own insistence that it is not liable at the sites in question; the State has not moved to amend previously; and (as set forth below) the State filed its motion promptly.  *Insulin* is not on point.[5]

Finally, it is worth noting that while defendants freely lodge accusations of gamesmanship, they previously insisted to the Maine Superior Court that sites with plausible AFFF commingling should be "excluded from this case."  Defs.' Br. in Supp. of Their Proposed

---

[5] 3M also relies on pre-*Royal Canin* case law denying leave to amend to add new parties, 3M Opp. at 10 & n.4, but even assuming that those cases remain good law, they involve 28 U.S.C. § 1447(e), which is not at issue here and specifically authorizes a court to grant or deny a request "to join additional defendants whose joinder would destroy subject matter jurisdiction."  *See Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009) (internal quotation marks omitted); *Edwards v. CVS Health Corp.*, 714 F. Supp. 3d 239, 250 (S.D.N.Y. 2024); *Bombliss v. Sprung*, 2017 WL 2766438, at *2 (C.D. Ill. June 26, 2017).  3M also cites a case dealing with the amount in controversy, *Cueva v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 3818035, at *1 (W.D. Tex. June 11, 2019), but the amount in controversy is a special exception to the rule of *Royal Canin* that the amended complaint controls jurisdiction, *see Royal Canin*, 604 U.S. at 38 n.8.

Case Mgmt. Order, at 4–5, *State of Maine v. 3M Co.*, No. BCD-2023-65 (Me. B.C.D. June 2, 2025), ECF No. 12-11, Ex. 227. Yet they now argue the very opposite: that the State's effort to do just that is somehow unfair and improper and strenuously contend the Court should keep sites in the case that would maximize their liability. Defendants had it right the first time.

The State's purpose in requesting permission to amend so as to eliminate sites that might result in an MDL transfer is entirely appropriate.

## II. The State moved to amend promptly after the First Circuit returned the case to this Court.

3M fares no better with its accusation that the State improperly delayed for years before seeking to amend its complaint.

This case is still in document discovery and there is no scheduling order and thus no deadline to amend the complaint. And until very recently, the State had no reason to seek amendment. This Court had held in 2023 that the State's disclaimer of recovery for AFFF contamination was effective and its ruling was law of the case. The State was entitled to rely on this ruling. And 3M never sought a stay of the ruling while it appealed. Thus, the specter of a potential MDL transfer was not present; in fact, the case was not even in federal court.

Things only began to change in September 2025, when 3M removed the case a second time and injected new allegations into the pending appeal of sites at which it contended, for the first time, there may be AFFF contamination.[6] And even then, the extent to which this Court

---

[6] 3M first alleged that one of the sites the State now seeks to expressly disclaim may potentially be impacted by AFFF in its removal notice filed September 8, 2025, and identified another six such sites in a supplemental notice on September 24, 2025. *See* 3M Opp. at 3-4; ECF No. 1 at ¶ 3; ECF No. 32 at ¶ 15. 3M says that the State waited "four months" to move to amend after 3M had disclosed the new sites, 3M Opp. at 9, but the State filed its motion to amend on December 9, three months after 3M's original removal notice and closer to two months from 3M's supplemental notice. The State further only learned less than two weeks ago about additional sites that are the subject of cases pending in the MDL, and which the State has now also disclaimed. *See* ECF Nos. 73, 76.

7

retained jurisdiction to allow an amendment to the State's disclaimer—the very disclaimer that was at issue in a pending appeal in the case—was unclear. *See generally Bates v. Thayer*, 2025 WL 1716112, at *4-5 (D. Me. June 20, 2025) ("It is well settled that a district court loses jurisdiction over a case upon the filing of a notice of appeal.") (quotation marks omitted). Thus, moving too quickly to amend could very well have initiated a battle over whether the Court had the power to allow the amendment.

All that changed when the First Circuit ruled in November that while disclaimers that "clearly carve out certain factual bases, whether by time span or location," are valid, the State's original disclaimer did not meet this standard. *State of Maine v. 3M Co.*, 159 F.4th 129, 139 (1st Cir. 2025) (internal quotation marks omitted). Notably, the First Circuit found that the original sites at issue in the first notice of removal did not provide a basis for its ruling in light of the unrebutted factual evidence from the State on those sites and thus the Court based removal on plausible allegations of AFFF contamination at one of the new sites that 3M had very recently injected into the appeal with its new removal. *Id.* at 135 n.14. Following that ruling, the State swiftly—within less than three weeks—moved to amend its complaint to carve out the specific "locations" that 3M had identified as potentially AFFF-related. This was entirely appropriate. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 37 (1st Cir. 2022) ("[V]alid reasons [for seeking leave to amend] include a motion to dismiss or a ruling from the court pointing out flaws in the original pleading or the discovery of new information. This is not a high hurdle . . .").

3M argues that the State's "request is not the result of any recent *factual* development" and that the "State does not claim that its request was sparked by 3M's identification of" specific sites. 3M Opp. at 9. But that is untrue. The State's motion makes plain that it is "[a]gainst this

8

backdrop" – *i.e.,* of 3M having newly identified locations where it believes there may be AFFF impact and the First Circuit having ruled that the State's existing disclaimer is not sufficiently "location" based – that "the State now seeks to amend its Complaint to remove the Juniper Ridge Landfill and six other sites . . . ." Mot. at 3.

The State moved promptly under the circumstances. *See, e.g. Amyndas*, 48 F.4th at 39 (motion to amend filed "less than two months after the emergence of new evidence" was timely). 3M's case law on undue delay is readily distinguishable as involving actual and significant delays, not the three weeks within which the State sought amendment here.[7]

Simply put, until late 2025, nothing had occurred that should have prompted the State to ask for an amendment. When that changed, the State moved to amend. The motion is timely.

**III.    The State's proposed amendment would be neither futile nor prejudicial.**

Defendants are also wrong in arguing that the State's proposed amendment would be futile. 3M Opp. at 10–14; DuPont Opp. at 1–5.

Defendants invite the Court to jump to the conclusion that transfer should and will occur. 3M Opp. at 14; DuPont Opp. at 4–5. But the propriety of transfer is a question for the JMPL. The Court should not pre-judge that process. Notably, defendants will have to overcome the JPML's repeated rulings that "evidence of the mere potential for commingling of PFAS contamination from AFFF and non-AFFF sites is insufficient to warrant transfer of an otherwise non-AFFF complaint." *E.g.,* MDL 2873, ECF No. 3260 at 2 (citation and internal quotation

---

[7] *See Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (finding of undue delay where – unlike here – "the plaintiff had waited almost nine months to seek leave to amend and, even then, 'offer[ed] absolutely no explanation for his need to file an amended complaint'"); *DeLuca v. SmithKline Beecham Corp.,* 2007 WL 541656, at *3 (S.D.N.Y. Feb. 20, 2007) (denying motion to amend where plaintiff had been informed of the specific factual deficiencies of her claims relating to employment discrimination during pre-motion conference proceedings, but did not seek amendment until filing her opposition to motion to dismiss).

9

marks omitted). And, as discussed *supra*, the Panel has expressly invited and relied upon the type of amendment the State is proposing — even where the plaintiff has amended to excise explicit references to AFFF — to deny transfer. *Id.* at 3.

Defendants also argue that the amendments are futile as a jurisdictional matter. 3M Opp. at 11; DuPont Opp. at 4. But the State seeks an amendment to make clear that this is not an AFFF case and ought not be transferred to the MDL. It has not filed a motion to remand and has made no decision to do so.[8]

Finally, 3M complains that if the proposed amendment defeats transfer to the MDL (or federal jurisdiction), it would "substantially prejudice 3M." 3M Opp. at 14. The purported "prejudice" 3M identifies is essentially the sort of "prejudice" suffered by any defendant that has to defend a meritorious lawsuit. Moreover, by disclaiming sites, the State's amendment reduces defendants' liability in this case, which hardly can be prejudicial to defendants. Undoubtedly, 3M prefers to consolidate all PFAS cases before one court, in the AFFF MDL. But that MDL has been created for AFFF cases only. The State's case is not such a case. The proposed amendment simply further confirms this fact. Having to defend a non-AFFF case outside of the AFFF MDL is not prejudicial to 3M.

## CONCLUSION

The State respectfully requests that the Court grant leave to amend the Complaint.

Dated: January 26, 2026            Respectfully submitted,

                                   AARON M. FREY

---

[8] The State recently informed the JPML, that, "[a]s allowed by the First Circuit's decision, the State has and will continue to honor its disclaimer as a matter of liability, even if jurisdiction is now in federal court." Brief in Support of Motion to Vacate Conditional Transfer Order (CTO-293) at 7, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Jan. 22, 2026), ECF No. 4127-1.

ATTORNEY GENERAL

*/s/ Benjamin A. Krass*
Benjamin A. Krass*
Matthew F. Pawa*
Gillian C.A. Cowley*
Pawa Law Group P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550
Email: bkrass@pawalaw.com
mp@pawalaw.com
gcowley@pawalaw.com

Scott Boak (Bar No. 009150)
Mark Bower (Bar No. 004132)
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333
(207) 626-8566
Email: Scott.Boak@maine.gov
Mark.Bower@maine.gov

Kyle J. McGee*
Viola Vetter*
Jason H. Wilson*
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
Email: kmcgee@gelaw.com
vvetter@gelaw.com
jwilson@gelaw.com

*Admitted *pro hac vice*

11