IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| STATE OF MAINE,<br><br>   Plaintiff,<br><br> v.<br><br>3M COMPANY, ET AL.,<br><br>   Defendants. | Case No. 2:25-cv-00453-JAW |

**DEFENDANT 3M COMPANY'S MOTION TO STRIKE STATE'S FURTHER AMENDED COMPLAINT AND REPLY OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY, WITH INCORPORATED <u>MEMORANDUM IN SUPPORT OF MOTION</u>**

## INTRODUCTION

Defendant 3M Company moves to strike the State's January 26, 2026 further amended complaint and reply in support of the State's motion for leave to amend its complaint or, in the alternative, requests leave to file a sur-reply.

On reply, the State impermissibly attached a *further amended complaint*, which was not included with its opening motion in support of its request for leave to amend. The State now requests that this new document become the operative pleading in this case. The State also raises new affirmative arguments in its reply brief in support of its request for leave to amend.

This sudden turn in the course the State has charted in briefing its motion for leave to amend is impermissible. A plaintiff cannot propose an amendment to its pleadings by way of a reply brief. *See Welsh v. McCollister's Transp. Grp., Inc.*, 2014 WL 654556, at *2–3 (D.N.J. Feb. 20, 2014); *accord W. Virginia ex rel. Hunt v. CaremarkPCS Health, L.L.C.*, 140 F.4th 188, 196, n.4 (4th Cir. 2025) (explaining that parties cannot "amend their complaint on the fly" for the purpose of "preclud[ing] federal officer removal"). The Federal Rules require that leave to amend be requested by motion, Fed. R. Civ. P. 7(b)(1)(A), 15(a)(2), and this Court's Local Rule 7(c) limits replies to addressing the arguments made in an opposition.

3M is prejudiced by the State's efforts to amend its pleading by way of filing a new version of its complaint on reply. This prejudice is exacerbated by the fact that the sites for which the State says it seeks relief have been a moving target—and this has been especially true in the wake of the First Circuit's November 19, 2025 decision holding that 3M is entitled to have its federal defenses heard in a federal court. *See Maine v. 3M Co., Inc.*, 159 F.4th 129, 138–39 (1st Cir. 2025).

Since the First Circuit issued its decision, the State has now attempted to modify the scope of its claims (and specifically the sites for which it seeks to recover) on at least five occasions: a

1

first "supplemental disclaimer" on December 5, Dkt. 52, a motion for leave to file an amended complaint with a disclaimer on December 9, Dtk. 53, a "second supplemental disclaimer" on January 21, Dkt. 73, a "third supplemental disclaimer" on January 26, Dkt. 76, followed by a reply attaching a third version of its proposed amended complaint, Dkt. 77.[1] These efforts have also been accompanied by seriatim amended discovery responses. In the most recent iteration of its proposed amended complaint (filed on reply), the State seeks for the first time to excise allegations about the Kennebunk, Kennebunkport & Wells Water District—the sole site in the complaint where the State specifically alleged excessive levels of a type of PFAS that 3M allegedly exclusively manufactured—as well as costs to certain Maine municipalities for alleged groundwater contamination. Dkt. 77-3 ¶¶ 56, 133(a), 141.[2]

       The State offers no assurances that its efforts to modify its claims—and to manipulate the forum in which this case will be heard—have come to a close. In fact, the State baldly admitted before the First Circuit that instead of conducting its own diligence, it is playing a game of "oops." Specifically, the State admitted that the list of sites for which it seeks recovery may include ones with AFFF commingling and the State might (or might not) remove the site once 3M flags it; or, in the State's words: "Like oops, in discovery, did we list a case where they can say, [aha] we can show there's AFFF there.·. . . Oh, well, that may have been an oops . . .We're going to cross that off the site." *See* Ex. 1 at 17–18 (Transcript of October 6, 2025 Argument to the First Circuit).

---

[1] After 3M filed its opposition and before the State attached the third version of its proposed amended complaint to its reply, the State sent 3M a copy of a second version of its proposed amended complaint it stated it would file.

[2] Because the allegations in the complaint concerning the Kennebunk, Kennebunkport & Wells Water District formed the basis of the State's opposition to the portion of 3M's motion to dismiss challenging the State's allegations of injury and causation, Dkt. 9-39 at 14–15, 17–18, 20, if this version of the State's amended complaint is accepted, 3M anticipates that further briefing on the sufficiency of the pleadings may be necessary.

The Court should not countenance the State's conduct.  3M respectfully requests that this Court strike the new arguments and attached further amended complaint, or, at minimum, permit 3M to file a sur-reply to address the State's newest attempt to gerrymander jurisdiction.

**ARGUMENT**

I. **The Court Should Strike The State's Further Amended Complaint And New Arguments Raised On Reply**

The State's further amended complaint and new arguments should be stricken.  Under the federal rules, the State is required to seek leave to serve an amended complaint.  Fed. R. Civ. P. 15(a).  It is too late for the State to do so as of right.  *Id.*  Where, as here, a moving party seeks to further amend its complaint and raise new arguments for the first time in a reply brief, those proposed amendments and arguments are waived and should be stricken.  *See*, *e.g.*, *EnergyNorth Nat. Gas, Inc. v. Century Indem. Co.*, 2007 WL 776124, at *1 n.4 (D.N.H. Mar. 15, 2007) (citation omitted); *Welsh*, 2014 WL 654556, at *2–3.

Courts in this Circuit have repeatedly rejected plaintiffs' efforts to amend an operative pleading by assertions in briefs, let alone by way of attachments to a reply.  For example, in *Calvary Chapel of Bangor v. Mills*, Judge Nancy Torresen refused to allow a plaintiff to avoid dismissal of its complaint by "assertions made in" its opposition brief.  542 F. Supp. 3d 24, 36-37 (D. Me. 2021) (collecting cases).  That prohibition is consistent with Federal Rule 15(a)(2)'s requirement that parties obtain leave to amend a complaint; Federal Rule 7(b)(1)(A)'s direction that "[a] request for a court order must be made by motion"; Local Rule 7(c)'s command that "a reply memorandum [be] confined to replying to new matter raised in the objection or response"; and the longstanding rule that "theories offered for the first time in the *reply* brief are not preserved," *Wills v. Brown Univ.*, 184 F.3d 20, 27 (1st Cir. 1999) (emphasis in original).  In such situations, courts will "strike" "new" facts or arguments raised for the first time in a reply brief, *Fresenius Med. Care*

3

*Cardiovascular Res., Inc. v. Puerto Rico & Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56, 60 n.2 (1st Cir. 2003), or simply deem them waived, *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010).  Doing so ensures that the non-movant is not left "without recourse to dispute" the "new facts and argument in a reply brief." *Hilsinger Co. v. Kleen Concepts, LLC*, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017).[3]

      This is the rule across the country.  In New Jersey, the federal district court denied a motion for leave to amend when the plaintiff (like the State here) filed a new proposed amended complaint with its reply brief.  *Welsh*, 2014 WL 654556, at *2–3.  In doing so, the court cautioned that "if [the plaintiff] refiles, he must include with his motion the final version of whatever proposed amendments he intends to pursue" and that "[a]ny additional attempts to amend will be viewed unfavorably." *Id*. at *3.  Similarly, in the Eastern District of Michigan, the court struck the plaintiff's reply brief in part for "improperly attach[ing] yet a different proposed amended complaint" as an exhibit.  *Livonia Diagnostic Ctr., P.C. v. Neurometrix, Inc.*, 2012 WL 2324920, at *2 (E.D. Mich. June 19, 2012).

      The State provides no justification for deviating from the well-established ground rule that a party cannot further amend its pleading by way of a reply brief.  Instead, the State suggests that it be allowed to submit a further amended complaint on reply because it has only now become aware of "the existence of [an] alleged 'overlap'" between sites at issue identified in this suit and those identified in suits pending in the AFFF MDL filed by certain municipalities.  Reply at 2.  The

---

[3] *Accord Connoisseurs Prods. Corp. v. Fresh Finest, LLC*, 2025 WL 786660, at *4 (D. Mass. Mar. 12, 2025) (refusing to consider "newly asserted allegation" that plaintiff included in its opposition brief but that were not in plaintiff's amended complaint because doing so "would deprive the defendants of clear notice of the allegations against them"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure § 1485, at 688 (3d ed. 2010) ("a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed").

State's haste to disclaim additional sites that it previously overlooked—in a blatant attempt to try to defeat transfer to the MDL—does not excuse it from filing a motion under Federal Rules 7 and 15 and thus affording 3M "the opportunity to voice its arguments in opposition to the operative proposed complaint." *Livonia Diagnostic Ctr.*, 2012 WL 2324920, at *2; *accord W. Virginia ex rel. Hunt*, 140 F.4th at 196 n.4 ("We are unaware of any precedent suggesting that a party can amend their complaint on the fly at oral argument.  It follows that to effect a mid-litigation disclaimer of federal claims so as to preclude federal officer removal, a party must amend their complaint.").

As the First Circuit has recognized:  "Plaintiffs must exercise due diligence in amending their complaints.  As a corollary of that principle, busy trial courts, in the responsible exercise of their case management functions, may refuse to allow plaintiffs an endless number of trips to the well." *Aponte-Torres v. Univ. Of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006).  The State admitted to the First Circuit that it has not exercised diligence but instead has engaged in a game of "oops"—blindly adding sites to its recovery list in this suit and then maybe (or maybe not) "cross[ing]" that site off its list when 3M (by its own diligence) identifies plausible AFFF commingling at that site. Ex. 1 at 17–18.  Indeed, in a recent filing with the JPML, the State confirmed that it has not been undertaking its own investigation regarding whether a site is subject to the State's purported AFFF-disclaimer:  It casually admitted that it only just now "learned of the sites" that it seeks to disclaim in this third version of its proposed amended complaint "when checking the docket in connection with drafting [its] motion to vacate" the Conditional Transfer Order.  Maine's Br. in Supp. of Mot. to Vacate Conditional Transfer Order at 7–8, *In re AFFF Prods. Liab. Litig.*, MDL No. 2873 (Jan. 22, 2026).

5

The State's further amended complaint and any arguments or allegations not included in the State's initial motion are therefore waived and should be stricken accordingly.

**II.    In The Alternative, The State's New Arguments And Factual Allegations Entitle Defendants To File A Sur-Reply**

In the alternative, if the Court does not strike the further amended complaint and reply, 3M respectfully requests that it be granted leave to file a sur-reply.  The State's reply includes new arguments about two previous JPML orders, prior briefing that occurred in state court, and whether this Court can consider its further amended complaint on reply.  *E.g.*, Reply at 2–3, 6–7, 9.  In addition, this third version of the State's proposed pleading disclaims additional sites and removes allegations about the Kennebunk, Kennebunkport & Wells Water District—the sole site in the complaint where the State specifically alleged excessive levels of a type of PFAS that 3M allegedly exclusively manufactured (potentially triggering a new round of dismissal briefing on injury and causation)—as well as costs to certain Maine municipalities for alleged groundwater contamination.  *See* Dkt. 77-3 ¶¶ 56, 133(a), 141.  Because none of those arguments and changes appeared in the State's opening motion or the complaint attached to its opening motion, 3M has had no opportunity to respond to or oppose them.

As explained above, it is well settled in this Court that a legal argument raised for the first time in a reply memorandum is "not properly before the court." *Kitchin v. Liberty*, 2019 WL 2527088, at *1 n.1 (D. Me. June 19, 2019).  For that reason, courts in this district will not consider such arguments, *Noonan*, 723 F. Supp. 2d at 349 n.130, without *at minimum* providing the opposing party a fair opportunity to respond, *see Am. Gen. Life Ins. Co. v. Nickerson*, 2016 WL 4742239, at *1–2 (D. Me. Sept. 12, 2016) (granting motion for leave to file sur-reply).

Accordingly, 3M should be afforded, at the very least, an opportunity to oppose the request for leave to file the further amended version of the State's pleading and the State's new arguments

6

in support thereof.  And lest there be any doubt, the State's further amendment should be denied as yet another attempt at jurisdictional manipulation and for changing nothing about this Court's jurisdiction (or the appropriateness of transfer to the MDL).  *See Ohio ex rel. Yost v. Ascent Health Services, LLC*, -- F.4th --, 2026 WL 206176, at *5 (6th Cir. Jan. 27, 2026) ("We reject disclaimers that simply disavow any attempt to recover based on the defendant's indivisible federal conduct.").

## CONCLUSION

3M respectfully requests that the Court grant its motion to strike the State's further amended complaint and new arguments raised in the State's reply.  Alternatively, the Court should permit 3M leave to file a sur-reply.

Date: February 4, 2026

Respectfully submitted,

*/s/ Lauren R. Goldman*
Lauren R. Goldman (admitted *pro hac vice*)
Justine Goeke (admitted *pro hac vice*)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-2375
lgoldman@gibsondunn.com
jgoeke@gibsondunn.com

Jay S. Geller (Bar No. 9022)
Law Office of Jay S. Geller
Lunt Professional Building
74 Lunt Road, Suite 206
Falmouth, ME 04105
(207) 899-1477
jgeller@jaysgellerlaw.com

Russell B. Pierce (Bar No. 7322)
NORMAN HANSON & DETROY LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
(207) 774-7000
rpierce@nhdlaw.com

Daniel L. Ring (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
dring@jenner.com
tmascherin@jenner.com

Joanna Wright (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
jwright@jenner.com

*Counsel for Defendant 3M Company*