UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:25-cv-00453-JAW |
| | ) |
| 3M COMPANY, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION TO STRIKE**

On December 9, 2025, Plaintiff moved to amend its complaint and attached a proposed amended complaint to the motion. (Motion, ECF No. 53.) Following the filing of Defendants' responses to the motion (Responses, ECF Nos. 69, 70), Plaintiff filed a reply memorandum in support of the motion. (Reply, ECF No. 77.) In its reply, Plaintiff proposed further amendment of the complaint and attached to its reply another proposed amended complaint. Defendant 3M Company has moved to strike the reply and the most recent proposed amended complaint. (Motion to Strike, ECF No. 70.) Alternatively, Defendant 3M asks for leave to file a sur-reply in support of its opposition to the motion to amend.

Although the time for Plaintiff to respond to the motion to strike has not expired, because the Court understands the parties' respective positions based on a review of the filings to this point, further written argument on the issues generated by the motion to strike is unnecessary. Plaintiff's request in its reply memorandum to add to the proposed amended complaint presents an obvious concern: the rules of procedure do not provide an

opportunity for Defendants to respond to the request as a matter of right. Particularly given Defendants' opposition to Plaintiff's attempt to amend the complaint in the first instance, fundamental fairness requires that Defendants be permitted to respond to the more recent proposed amendment. Under the circumstances, therefore, the Court could grant Defendants' motion to strike and require Plaintiff to file another motion to amend the complaint. Such an approach, however, would result in more extensive motion practice, which would only increase the cost to the parties and further delay the Court's consideration of the merits of the parties' substantive arguments regarding the proposed amendment. The interests of justice and judicial economy would not be served by such an approach. The Court believes that a more sensible approach is (a) to consider Plaintiff's motion to amend the complaint as a request to file the most recently filed proposed amended complaint and (b) to permit Defendants to respond to the request.

The Court, therefore, denies Defendant 3M's motion to strike but grants Defendant's request for leave to file a sur-reply. The Court further finds and orders:

1. Plaintiff's motion to amend is deemed to seek leave to file the proposed amended complaint attached to Plaintiff's reply memorandum.

2. Defendants may file sur-replies in support of the motion to amend.[1] Defendants may file the sur-replies, each of which shall not exceed 10 pages, on or before February 20, 2026.

---

[1] The Court notes that Defendants Chemours Company, Chemours Company FC, LLC, Corteva, Inc., DuPont De Nemours, Inc, and EIDP, Inc., filed a separate response to the motion to amend. They may file a separate sur-reply from Defendant 3M.

3. No further briefing of the motion to amend is permitted.

## **NOTICE**

    Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

                                                  /s/ John C. Nivison
                                                  U.S. Magistrate Judge

Dated this 6th day of February, 2026.